(Decided June 7th, 1860.)

# Henry Lewis, and others, *vs.* Samson Levy.

A bill for an injunction to restrain proceedings upon an execution levied
upon *goods in a store* claimed by the complainant under title from the
party against whom the execution issued, not showing that the property

was of such a character, or possessed such peculiar value or interest to the owner, that he could not be adequately compensated by damages at law, is not sufficient to warrant the granting of the injunction.

APPEAL from the Circuit Court for Baltimore City.

The bill in this case, filed on the 15th of January 1857, by the appellee against the appellants, sets up the mortgage of the 15th of December 1856, from Charlotte Levy to the complainant, referred to in the preceding case of *Rich, et al., vs. Levy, et al.*, and alleges that the defendants, Lewis, Bros. & Co., as judgment creditors of said Charlotte, had, on the 13th of January 1857, issued an execution on their judgment and caused the same to be levied on the goods covered by said mortgage in the store of the said Charlotte, and though the sheriff has been expressly notified of this mortgage, he has seized the goods and is about to remove them from the store, all of which proceedings are in violation of the complainant's rights, and tending to his irreparable injury. The bill further avers that, said stock of goods consists of divers and numerous small articles of delicate texture, to wit, silks, velvets, laces, shawls, bonnets, ribbons, cloths, hosiery, *et cetera*, all of which must necessarily be impaired by the removal thereof, by the sheriff, as aforesaid, and that the same will bring much less than their value, and will be irreparably injured by frequent handling and examination should they be exposed to public sale under the execution aforesaid; that the same will be necessarily sold in small parcels to large numbers of purchasers, and complainant will be unable to follow the same in the hands of such purchasers, and establish his property therein; that the said goods, if so sold, under the most favorable circumstances and to the best advantage, are not more than adequate to satisfy the mortgage debt to the complainant; that the debt directed to be made and levied by this execution is no more than $681.81, and that the sheriff is proceeding to seize and take the whole of said goods therefor. All which actings, and doings, and proceedings, if not prevented by the interposition of this court, will deprive the complainant of the benefit of the priority he is

justly entitled to, in the application of the said property to the payment of the creditors of the said Charlotte, and are contrary to equity and good conscience. The bill then calls for answers, and prays for an injunction to restrain the sheriff and the other defendants from seizing, or removing, or retaining or selling, any of said goods under said execution, and for general relief.

The injunction was issued as prayed and the defendants then filed their answers, in which it is charged that the mortgage to the complainant was fraudulent and void as against the creditors of said Charlotte, and further, that the complainant induced Lewis, Bros. & Co. not to enforce certain judgments against the said Charlotte Levy, which they had procured for a part of their claim, and to prolong the period of payment for the residue, by representing to them that she would not assign away her property, or consent to do anything which would prejudice, or interfere in any way with said claim, and that, notwithstanding this representation and engagement, the complainant, himself, only a few days afterwards, took an assignment of all her goods, which constituted her sole property, and that about thirty days thereafter, when the first instalment of the debt became due, as extended by agreement, and was unpaid, they were for the first time informed of the existence of the mortgage, on asking for payment of such instalment. The answers further deny that the goods would be necessarily impaired by removal or irreparably injured by a public sale, and aver that the sheriff has received an ample bond of indemnity from Lewis, Bros. & Co. for his action in the premises.

A motion to dissolve was then made and proof taken on both sides, to be used at the hearing of that motion, and, by agreement, was also considered at the final hearing. This proof need not be stated in full. It appears from it that on the 4th of November 1856, certain of the defendants recovered two judgments before a Justice of the Peace, one for $65, and the other for $100, against Charlotte Levy, on which executions were issued on the 24th of the same month, which on the day following were levied by the constable, "on the

dry goods in the store, No. 33, Baltimore St., occupied by Mrs. Charlotte Levy;" that on the 17th of December 1856, an agreement was entered into between Charlotte Levy and the defendants, her creditors, which recites that certain goods and chattels now in the store of Mrs. Charlotte Levy, No. 33, Market street, have been taken under execution issued upon the above mentioned judgments, and that she was indebted to the same parties in further specified sums, and that they have agreed to cancel said judgments, and also to surrender up to her the evidences of indebtedness for the further sums owing by her to them, in consideration of her giving new notes for all of said sums, including the judgments of certain specified amounts, all bearing date the 17th of December 1856, and payable at certain specified periods, and in further consideration of her paying $30 cash, and costs on said judgments, and agreeing that in case any of said notes are not paid at maturity, then the said creditors, or their assigns, "shall have the right to enter up judgment against said Charlotte Levy on all said notes, allowing for any unaccrued interest and forthwith to issue execution." These notes, or some of them, not being paid at maturity, the parties, in pursuance of the terms of the above agreement, appeared in the Superior court on the 13th of January 1857, and by consent a case was docketed against the said Charlotte, a declaration and this agreement, and the notes given thereunder, were filed, and on the same day a judgment was rendered against the said Charlotte for $681.80, on which the execution restrained by the injunction was issued.

The cause being submitted on final hearing, the court (KREBS, J.) delivered the following opinion:

"This cause having been submitted upon the agreement of counsel at final hearing, I have carefully examined the proceedings and considered the arguments of counsel for the respective parties. The property, upon which the execution which has been restrained by the injunction in this case, has been levied, is claimed by the complainant under the mortgage which he files as an exhibit. The defendants charge that this mortgage is fraudulent and void. In the case of

*Rich et al. vs. Levy*, in this court, I have decided, for the reasons stated in the opinion filed therein, that it is a *bona fide* and valid security. Conceding that it is, there is still a ques·tion whether it is not subject to the lien under execution, which was waived by the defendants, upon the ground that this waiver was procured from them by means of fraud and imposition. It is too late for the defendants to take this ground, inasmuch as they have proceeded to obtain judgment and issue execution thereon, according to the stipulations and terms that were agreed upon between the parties to the contract of the 17th of December 1856, and which were the consideration for which the lien was released, and have thereby waived the fraud, if there were any in the transaction. That a party may waive fraud, and confirm a contract which he might have impeached upon that ground, may be regarded as so well settled that it is unnecessary to produce authorities to sustain the position. I will, therefore, pass an order in conformity with the views expressed in this opinion."

An order was then passed making the injunction perpetual, from which the defendants appealed.

The cause was argued before LE GRAND, C. J., TUCK and BARTOL, J.

*Wm. B. Perine*, for the appellants, after insisting, as in the preceding case, that the mortgage was fraudulent and void, and relying upon other points which need not now be stated, argued:

That the remedy of the complainant is complete and adequate at law. He had his action at law against the sheriff, who is not pretended to be insolvent, and against Hacket who, though charged to be insolvent, is not presumed to be and denies the same, and there is no proof nor attempt to prove him so. Here there is nothing in the nature of the thing itself, (dry goods,) which, like ornamental trees, gives specific or other than a mere pecuniary value. It is not his business as a dry goods dealer that was to be broken up. The charge of irreparable damage is also denied by the answers

12    v.16

and not sustained by any proof, nor are the facts set forth by him on that point legally sufficient to constitute what the court can pronounce irreparable damage. 4 *Gill*, 34, *Hamilton vs. Ely.* 4 *Md. Rep.*, 98, *Green vs. Keen.* 7 *Md. Rep.*, 408, *Shipley vs. Ritter.* 11 *Md. Rep.*, 28, *Cherry vs. Stein.* 1 *Md. Ch. Dec.*, 371, *Georges Creek Co. vs. Detmold.*

*R. Stockett Matthews* and *Chas. H. Pitts*, for the appellee, after insisting that the mortgage was valid, further argued:

That this was a proper case for an injunction. It is always competent to equity to interfere to protect a lien. It is settled that a court of equity will grant an injunction at the instance of the mortgagee of personal chattels, even after the default of the mortgagor, to restrain the latter from an alienation of the property. 12 *Md. Rep.*, 1, *Parsons vs. Hughes.* 5 *G. & J.*, 314, *Clagett vs. Salmon.* A judgment creditor, whose judgment is subsequent to the mortgage, stands in the shoes of the mortgagor, and the mortgagee is equally entitled to protection against him. The injunction was also proper to prevent multiplicity of suits, and to prevent irreparable mischief.

TUCK, J., delivered the opinion of this court.

The appellants have suggested one ground of error in the present record that we think conclusive of the case; we need not, therefore, express any opinion as to the other points so fully argued.

There is nothing here which distinguishes the case from many others, in which it has been held that an injunction will not lie. The complainant, claiming goods in a store, on which the appellants levied an execution against a third party, under whom the complainant asserts title, seeks the restraining process of equity to prevent their being sold under that writ. The bill does not show that the property was f such a character, or possessed such peculiar value, or interest

to the owner, that he could not be adequately compensated by damages at law. If this injunction can be maintained, we can scarcely imagine a case where the execution of a judgment at law could not be prevented, and plaintiffs altogether frustrated in the recovery of just demands, even when asserted in the most solemn form.

In the case of *Bridges, et al., vs. M'Kenna*, 14 *Md. Rep.*, 258, relief was granted, but merely on the ground that the complainant, being a *feme covert*, could obtain redress in a court of equity. But for that reason the bill would have been dismissed.

We do not consider that there is any thing in the record showing that, the defendants below waived their right to pro. ceed against the property in question.

*Decree reversed, and bill dismissed with costs.*
(Decided June 7th, 1860.)