SELLICK (PHELPS v.). See Case No. 11,079.

---

## Case No. 12,646.

### SELLON v. REED.

[5 Biss. 125.] 1

Circuit Court, N. D. Illinois. May, 1870.

HUSBAND AND WIFE—DIVORCE—HOMESTEAD.

1. The homestead act [12 Stat. 392] should be liberally construed, and where a decree of divorce gave the custody of a child to the mother, and she was then in possession of the homestead, ejectment will not lie by the husband to recover it.

[Criticised in Rosholt v. Mehus (N. D.) 57 N. W. 785. Cited in Stanton v. Hitchcock, 64 Mich. 330, 31 N. W. 401; Sherrid v. Southwick, 43 Mich. 519, 5 N. W. 1030. Cited in brief in Stahl v. Stahl, 114 Ill. 377, 2 N. E. 160.]

2. During the pendency of a bill for divorce, the husband and wife have no power to make an arrangement about the property which shall be binding, unless embodied in the decree.

This was an action of ejectment [by Brodie Sellon against Fidelia D. Reed] to recover the possession of lot 4, block 5, in Galva, Henry county, tried before the court without a jury. The facts shown by the proofs are substantially these: On and for some time after October 25, 1867, the premises in question were owned, as of an estate in fee, by Elias O. Reed, who occupied the same as his homestead, the defendant, Fidelia D. Reed, being his wife and residing with him on said premises, his family consisting of himself, wife and one child, a daughter about eleven years old. On the 24th of September, 1868, defendant filed her bill in the Henry county circuit court, against said Elias O. Reed, for a divorce on the charge of adultery. The case came on for hearing at the October term, and on the 9th of October, 1868, the court made its final decree in said cause, divorcing said Fidelia D. from said Elias O. Reed, awarding her the care and custody of the child, and $500 alimony. At the time of filing her bill, said defendant was in possession of the premises, and continues to remain in possession thereof and to occupy the same as her home. After the entry of said decree of divorce, said Elias O. Reed conveyed the premises to Ira C. Reed, and he conveyed the same to the plaintiff. Defendant claimed a right of possession under the homestead acts of this state, which was the only defense interposed to the title made out by the plaintiff.

BLODGETT, District Judge. I do not find the precise question raised by these facts to have been decided by the supreme court of this state, or of any other state having an analogous statute; but, following the spirit of the adjudications so far made by the courts of this state, I think the defense

---

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

set up is made out by the facts. The principle of those decisions seems to be that the homestead estate is carved out of the general estate, and vested in the head of the family. The wife cannot be divested of her homestead right without a deed solemnly executed and acknowledged by her in the manner pointed out by the statute. In this case, the wife acquired her homestead right in the property, and at the time the divorce was applied for, was living thereon as her home. By the decree of divorce, she is charged with the custody and care of the child, and thus continued as the head of the family. She has done no act to divest herself of her right. It is true, the decree allows her $500 alimony, to be paid by the husband, but there is no evidence that the court intended that in lieu of her homestead right, even if a decree would have been effective for that purpose.

In the case of Vanzant v. Vanzant, 23 Ill. 485, the supreme court of this state says, "The intention of this act is manifestly to save the homestead for the family. * * * The natural death of the householder would not destroy it, nor would his civil death for crime. If this was not so, the object of the act would be defeated, and the beneficence of the legislature of no avail. The wife was the meritorious cause of the divorce. The children composing the family were committed to her care and nurture, and have, in our judgment, an undoubted right to occupy the homestead. As a home, and as their home, it has never been granted away, or the right to occupy it released by any one competent to release it. The spirit and policy of the homestead act seem to demand this concession and to regard the complainant, for this purpose, as a widow and the head of a family."

It is true, that case differed from this in many material features. There the wife by her bill alleged that she furnished the money for the purchase of the homestead, and the court, by its decree, awarded it to her. But the rule laid down in that case seems manifestly to tend to the conclusion I have arrived at in this.

Proof was offered on the trial to show that before the divorce was granted, and while the bill was pending, a parol arrangement was entered into between Reed and his wife by which he agreed to pay her $1,000,—$500 of which was to be cash and the balance in certain notes,—he agreeing not to resist her application for divorce, and on receipt of that amount she was to give up possession of the house. This agreement or stipulation, however, was not embodied in the decree, and was undoubtedly void, the husband and wife having no power to make a contract of that nature during the coverture. I do not, therefore, deem the legal rights of the defendant affected by this arrangement or the evidence of it.

Judgment for defendant.