## William Shepard and another v. John B. Cross.

*Exemptions: Purchase price claims: Promissory note: Transferee: Original consideration.* A transferee of a note given for the purchase price of the property is not entitled to claim that as to his judgment on such note the property, though otherwise exempt, is liable to execution by virtue of the exception in favor of purchase price claims.  It is not admissible for the purpose of bringing a case within this exception to trace the original consideration through successive changes and substitutions.

*Exemptions: Husband and wife: Replevin: Misjoinder.* Exemptions from execution being intended for the benefit of the family, a joint replevin suit by husband and wife to preserve this benefit is admissible under our statute, which expressly confers upon the wife the right to sue alone, and does not forbid a joint suit.

*Heard October 29.    Decided November 2.*

Error to Clinton Circuit.

*R. Strickland,* for plaintiffs in error.

*A. Stout,* for defendant in error.

PER CURIAM:

One of the plaintiffs in error (William Shepard) bought a

horse of one Mary Love for one hundred and ten dollars. The bargain was made with her son, George Love, to whom Shepard paid ten dollars of the purchase price and made his note to him for the balance. By a subsequent arrangement this note was taken up and one made in lieu of it by Shepard to Mrs. Love upon a year's time with interest. Mrs. Love transferred this last note to Gordon Dunlap, and he recovered judgment upon it against Shepard before a justice. Upon that judgment an execution was issued and placed in the hands of Cross, who was a constable, for collection. He levied on the horse before mentioned, and the plaintiffs in error replevied it and thereby regained possession.

The judge before whom the cause was tried without a jury found these facts, and also that the horse was exempt except for purchase money, and it was held that the plaintiffs in error were not entitled to recover, and judgment was given against them for one hundred and seven dollars and fifty-one cents and costs.

*First.* It is urged for defendants that Dunlap's judgment was for the purchase price of the horse, and that as a consequence there was no exemption and no right of action.

The suit by Dunlap was on the note as a distinct security, and he was a transferee and not the party to whom it was originally made. The consideration for which it was given was not sued for, and the judgment was not rendered for it. That consideration was not the subject of his purchase, and it was never transferred to him. What he obtained was Shepard's executory promise to pay one hundred dollars and interest, and nothing more. When Mrs. Love elected to transfer the note to him, she elected to consider the note as payment for the horse, and if there was any previous right in her, or in any body else, to claim the horse upon execution as not exempt against the debt, it existed no longer.

In many cases where the seller of property takes the buyer's note for it he may waive recovery upon it and recover upon the original consideration; but a transferee of

the note, who is a stranger to such consideration, cannot do it. If a first transferee could take the property for which the note was given, as not exempt for the purchase price, any other transferee, however remote, could do so, and very strange and unjust results would be produced. The facts in this case disclose another difficulty. Here the note first given for the horse is not the note transferred to Dunlap. The note on which he obtained judgment is one which was given to Mrs. Love in place of the first, and if the doctrine contended for were maintained, a right would be recognized to trace an original consideration through any number of successive changes and substitutions in order to bind the property for which the first note was given. A bare statement of the matter is enough to show the unsoundness of what is claimed.

*Second.* It is urged lastly that if the horse was exempt from Dunlap's execution, the plaintiffs, as husband and wife, could not join in replevin to regain possession; but one or the other should have sued alone. We see nothing in this claim. These exemptions are intended for the benefit of the family, and not merely for some one member of it, and the object of the suit is to preserve this benefit which the law sanctions.

Formerly the wife could not sue at all in such a case, and the assertion of all right of exemption depended upon the will of the husband, and it often happened that where there was the most reason in the circumstances of the family for the maintenance of the exemption, the weakness or vice of the husband rendered the right abortive.

To avoid this the legislature provided that the wife might sue alone, that is, might sue without her husband. It was not the object of the legislature to preclude the husband from suing, or to compel either to sue alone. The purpose was to make the right more remedial, to increase the facilities for guarding it, and a joint suit was not forbidden. We see no objection whatever to a joinder in such a case. The objection we have noticed being removed, the plaintiffs in

error were entitled to recover upon the facts found, and the result is, that the judgment below must be reversed, and one entered for the plaintiffs in error, with costs of both courts.