## JAMES ORR *vs.* WILLIAM BOX.

### April 6, 1876.

Execution, when a Protection to the Officer.—When an execution, under which personal property is seized and sold, appears to be regular on its face, and to have been issued upon a judgment of a court of competent jurisdiction as respects the subject-matter, and does not disclose any want of jurisdiction in respect to the person, it furnishes a full protection to the officer executing it, whether in fact the court ever acquired any jurisdiction over the person or not.

Absconding Debtors—Exemption Laws.—An absconding debtor who has departed the state without any intention of returning, and becomes a resident of another jurisdiction, cannot avail himself of the benefits of our exemption laws in respect to personal property left behind him, and subsequently seized and sold upon execution.

Action for the wrongful taking and conversion of certain personal property of plaintiff, a portion of which, it is

claimed, was exempt from execution. Defence, that the property was taken by defendant, as sheriff of Wabasha county, under and by virtue of certain writs of execution, issued out of a justice's court, on judgments against the plaintiff, and was duly sold to satisfy such executions; and, as to the property claimed to be exempt, that the defendant had absconded from the state, with intent to defraud his creditors, and was not, at the time of the taking, a resident of the state, and was, therefore, not entitled to the exemption claimed. The action was tried in the district court for Wabasha county, before *Mitchell*, J., (a jury being waived,) who ordered judgment for defendant. A new trial was refused, and plaintiff appealed.

*Wilson & Taylor* and *S. L. Campbell*, for appellant.

*T. S. Van Dyke*, for respondent.

CORNELL, J. No point is made but that the execution, under and by virtue of which the officer acted in seizing and selling the property in question, was regular on its face, and appeared to have been issued upon a judgment rendered by a court of competent jurisdiction as respected the subject-matter of the action, and did not disclose any want of jurisdiction in respect to the person of the defendant therein. This was a full protection to the officer executing the process, whether in fact the justice ever acquired jurisdiction over the person of the defendant or not. *Savacool* v. *Boughton*, 5 Wend. 170. Hence the findings of fact, so far as they affect the validity of the judgment in the attachment suits before the justice, are immaterial. In respect to the other facts found by the court below, they are sufficiently supported by the evidence in the case to prevent any interference by an appellate court on that ground.

This brings us to the consideration of the main question in the case, which is this: Can an absconding debtor, who has departed the state without any intention of returning, and become a resident of another jurisdiction, avail himself

of the benefits of our exemption laws in respect to personal property left behind him, and subsequently seized and sold upon execution in favor of his creditors? Whether other than resident debtors are embraced within the spirit and policy of our exemption laws, as they existed prior to the amendment of March 5, 1875, (Laws 1875, ch. 64,) is a question not necessarily involved in the determination of this case, and, therefore, need not be considered.

The exemption of certain kinds or classes of property from levy and sale on execution is not an incident inseparably attached to the property itself, but a personal privilege conferred upon debtors happening to own the same, which they may insist upon or waive at pleasure. In case a debtor abscond from the state with the purpose of avoiding the service of process and all responsibility to its laws, and of placing himself permanently beyond their reach and influence, he must be regarded as voluntarily abandoning all claim to participate in any of the personal benefits and privileges conferred by such laws upon those remaining subject to their jurisdiction. In the language of Woodward, J., in *Yelverton* v. *Burton*, 26 Penn. St. 351, "refusing to remain within our jurisdiction to answer its liabilities, he ought not to be permitted to come within it to appropriate its bounties." It cannot, therefore, be presumed that the legislature intended to extend the benefits of the exemption laws to this class of persons; and inasmuch as the statute upon this subject, in force at the time of the levy and sale in this case, indicates no such purpose, either in express terms or by unavoidable implication, it will not be considered as having that effect.

Order affirmed.