HUGH CLINTON

*v.*

LUCY C. KIDWELL.

| 82 | 427 |
| 180 | 452 |

1. EXEMPTION—*in favor of married woman.* In an action by a married woman residing with her husband on her land, against an officer, for levying upon her property under execution, on the ground that it is exempt, no presumption can be indulged that she is the head of the family, but that fact must be shown by proof that clearly rebuts the presumption that her husband is the head of the family, and it must be shown that the officer had notice of such anomalous relation.

2. SAME—*sufficiency of proof of wife being head of family.* An agreed statement that the residence of the family, in a suit by the wife for levying on her property claimed as exempt, is "on her own premises;" that "the property on the premises is her sole and separate property," and that "she has children by her former husband residing with her," fails to show that the plaintiff is the head of the family, and, as such, entitled to recover double the value of the property taken, especially where it further appears that she is residing "with her husband."

APPEAL from the Circuit Court of Edgar county; the Hon. OLIVER L. DAVIS, Judge, presiding.

This was an action, brought by Lucy C. Kidwell, against Hugh Clinton. The trial in the circuit court was, by consent, had without the intervention of a jury. On the trial, no testimony was given, but the issue was determined upon an agreed statement of facts submitted to the court by the parties, as follows: "The plaintiff herein was, and is now, a married woman, residing with her husband, and not deserted by him, on her own premises, and that the property on her said premises was her own sole and separate property; that she had children by a former husband, they residing with her on her own premises, but none by her present husband; that, while she was so residing with her husband and her said children, on her own premises, the defendant, who was a constable, by virtue of an execution in his hands, issued by a justice of the peace of said county on a judgment rendered against her on the 19th of April, 1875, levied upon and sold a cow and bull of plaintiff, of the value of $26.75, which plaintiff claimed to be exempt from sale on execution on account of her being the head of a family, and which property was exempt if she, by law, was entitled to an exemption as the head of a family; the debt upon which judgment was rendered and execution issued on was the separate debt of said plaintiff, and accrued during the marriage to her present husband."

Messrs. BISHOP & McKINLAY, for the appellant.

Messrs. DULANEY & GOLDEN, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The finding of the court was not sustained by the written statement of facts. This action is penal. The finding is for double the value of the property. In such cases, the proofs, to sustain the action, must be clear and satisfactory. It is not necessary to the decision of this case to hold that a married woman, living with her husband, can not, under *any* circumstances, be regarded as the head of the family. The only facts relied upon to sustain the proposition that the appellee in this

case was, at the time in question, the head of a family, are, that the residence of the family was "on her own premises;" that "the property on the premises was her own sole and separate property," and that "she had children by her former husband residing with her." These facts, alone, are surely not sufficient to show clearly that she was, at the time, "the head of the family," especially when it is said, in the same statement, that she was, at the time, residing "with her husband." Ordinarily, at least, where the wife lives with the husband, he must be regarded as the head of the family. If, in fact, he has not control of the family, and is not the head thereof, such fact must be shown by proof. The inference that he is the head must be rebutted by proof, and, in a penal action, that proof must clearly rebut such inference.

It may well be that this man and his wife were living upon her land, and that the personal property on the place was her property, and that her children constituted a part of the family, and yet the husband may have had the most complete control of the family and of all the business transacted upon the land. For aught that is here shown, he may have been a man of wealth, and may have been supporting his wife and her children in affluence.

Again, it is not shown by the statement that the constable had notice that any anomalous relations existed in this family, constituting the wife the head of the family. Presumptions must not be too freely indulged in penal actions.

The judgment of the circuit court is reversed, and the cause remanded for another trial.

*Judgment reversed.*

SCOTT, CRAIG and WALKER, JJ: Under the present statute and the facts in this record, we must hold that the judgment of the court below should be affirmed.