ABERNATHY, *Plaintiff in Error*, v. WHITEHEAD.

1. **Exemption:** MARRIED WOMAN: WHO CAN CLAIM. The exemption under Wagner's Statute, section 24, page 935, of the rents, issues and products of the real estate of a married woman is a personal right and must be claimed by herself. If waived by her it cannot be set up by a creditor.

2. **Attachment:** PERSON CLAIMING PROPERTY. Wagner's Statute, section 52, page 192, which provides that in attachment proceedings "any person claiming property, &c., may interplead," includes only those who claim to own the property attached. A garnisher of a debt has no such claim.

*Error to Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

*Lathrop & Smith* for plaintiff in error.

*Melton Moore* for defendant in error.

NORTON, J.—C. W. Whitehead brought a suit before a justice of the peace against C. B. Webster, as defendant, to recover the sum of $20.82. Whitehead was the agent of Webster for the collection of certain rents, and the said $20.82 was money advanced to said Webster on said rents over and above the amount received. Said rents accrued

from real estate belonging to the wife of said Webster. In the suit of said Whitehead, which was a proceeding by attachment, he had one Charles Richards, a tenant upon said real estate, garnished. He answered, admitting $25 due Webster for rent. J. L. Abernathy, the interpleader, had recovered a judgment for $180 against said C. B. Webster, for rent of a house occupied by said Webster and wife in Kansas. An execution had been issued upon said judgment, and was in the hands of the constable at the time of the issuance of the attachment in the suit of Whitehead, and prior thereto, but service of garnishment under Whitehead's attachment was actually made upon Richards by one of the deputies of the constable, before he was garnished under the execution. He was afterwards garnished under the execution. In the trial of the Whitehead suit, Abernathy interpleaded, and claimed the Richards rent, both on account of his execution being in the hands of the constable before the Whitehead attachment was issued, and principally because his debt was created for necessaries furnished the wife and family of defendant, which made said rent liable for his debt, while it was not claimed or shown that the debt of said Whitehead was for such necessaries, and that consequently said rent was not liable for his debt. The justice decided that said rent should go to said Whitehead and not to said interpleader, and, upon appeal, said judgment was affirmed, and the case is brought here, after an ineffectual motion for a new trial, by writ of error.

In the special law and equity court of Jackson county, from which the case comes into this court, the trial was had upon the following agreed statement: The issue in this case is between the plaintiff, Whitehead, and interpleader. The matter in controversy is $25, rent of a house, belonging to defendant's, Webster's, wife, the title to the property being in her generally. Plaintiff was defendant's Webster's, agent, and had the collection of this rent. Defendant drew against this fund, and plaintiff advanced him

more than he received, to the amount claimed in his ac-
count.   What use defendant made of the money does not
appear.   Abernathy, the interpleader, rented a house to
defendant in Leavenworth, Kansas, which he used as a
place of abode for himself and family.   Rent accrued for
this to the amount of $180, for which defendant gave his
note, upon which judgment was rendered against defend-
ant in favor of Abernathy and execution issued.   While
this execution was in the hands of the constable, plaintiff
brought suit by attachment and publication against defend-
ant, and the tenant was actually garnished under his writ,
before he was under the execution.   He was subsequently
garnished under the execution.   Tenant answered that he
owed $25, in the attachment case to defendant, Webster,
the amount in controversy.   Abernathy interpleads on the
ground that his debt was created for necessaries for defend-
ant's family, and that plaintiff's was not, and because his
execution was prior to the plaintiff's attachment, and in
the hands of the same officer, and claims the rent money
on these grounds.

    The plaintiff insists that the court erred in holding
that he was not entitled to the money attached, and relies
1. EXEMPTION: upon Wagner's Statute, section 14, page 935,
married woman:
who can claim.   to sustain his objection.   Said section pro-
vides that "the rents, issues and products of the real estate
of any married woman      *      *      shall, during
coverture, be exempt from attachment or levy of execution
for the sole debts of her husband, provided such annual
products may be attached or levied upon for any debt or
liability of her husband created for necessaries for the
wife and family of such husband."   This exemption
is made for the benefit of the wife, and confers a per-
sonal right which she can assert as against the creditors of
her husband.   When, however, such rents are seized to
satisfy her husband's sole debts, it is for her, and not her
husband or any third person, to claim the benefit of the

exemption; for she may, if she chooses, allow it thus to be appropriated.

It is, however, insisted that Abernathy, under the provisions of Wag. Stat., sec. 52, p. 192, had the right to interplead and claim the funds. The section referred to contemplates that only persons who claim to own the property attached may interplead. The garnishment of Richards under Abernathy's execution did not transfer the property, nor make him the owner of the debt. Nor can the interplea of Abernathy be maintained under the provisions of Wag. Stat., sec. 56, p. 192, for if Abernathy by virtue of the garnishment of Richards is to be regarded as an attaching creditor of Webster, (of which there is serious question,) and had a right to appear and defend the attachment suit of Whitehead against Webster, he could only make such defense as could have been made by Webster. Webster could have neither disputed the fact which Richards the garnishee admits, viz.: that he owed Webster so much money, nor could he have set up for his wife that the debt was for rent of the wife's real estate.

The only defense under section 56, *supra*, which an attaching creditor in one suit can make in an attachment suit of another creditor, where there has been no personal service, is such defense as the defendant in the attachment could have made himself. As Webster could not have interposed in the attachment suit of Whitehead the defense set up by Abernathy, it follows that Abernathy could not.

Judgment affirmed with the concurrence of the other judges.

AFFIRMED.