JULIA H. INGERSOLL v. ELLIS H. GAGE AND WILLIAM W. STEELE.

*Trover by wife for animal seized by pound-master*

The statute which empowers a married woman to maintain suit in her own name, for property of her husband which he cannot encumber without her consent, or which is exempt by law from sale on execution or other final process of a court, does not limit her right to cases in which the husband has encumbered the property, or in which it is taken on final process of a court.

If therefore a pound-master shall unlawfully seize and convert an exempt animal belonging to the husband, the wife may sue in trover for the value.

Error to Shiawassee. Submitted October 14. Decided October 19.

TROVER. Plaintiff brings error. Reversed.

*A. R. McBride* for plaintiff in error. A wife may bring trespass or trover for property of her husband if seized on execution, though exempt: *King v. Moore* 10 Mich. 538; *Jenne v. Marble* 37 Mich. 323.

*Wm. A. Fraser* and *James M. Goodell* for defendant in error. A wife's right to bring action for exempt property sold is confined to such sales as are made by her husband without her consent and where the sale, pledge or convey-ance is intended as security or wherein the husband gives a

lien for that purpose: *Holman v. Gillette* 24 Mich. 415; the owner of distrained animals, if he questions the validity of the proceedings, can bring replevin: *Hamlin v. Mack* 33 Mich. 103; *Campau v. Konan* 39 Mich. 362; *Johnson v Wing* 3 Mich. 163.

COOLEY, J. This is an action of trover to recover the value of a cow, which was sold by the defendant Gage as pound-master of Corunna, and purchased and killed by the defendant Steele. The cow belonged to the plaintiff's husband, who was a householder in Corunna, and it is conceded that it was by law exempted from sale on execution or other final process from any court. Some attempt is made in the case to defend the proceedings of the pound-master in making a sale, but the case turns upon the right of the plaintiff, as wife of the owner, to maintain the suit under the circumstances mentioned.

It is provided by statute that any chattel mortgage, bill of sale or other lien created by a married man on exempt property, with certain exceptions not important here, shall be void unless such mortgage, bill of sale or lien be signed by the wife. Comp. L. § 6101. Another section provides that "in cases where the property of the husband cannot be sold, mortgaged, or otherwise encumbered, without the consent of his wife, to be given in the manner prescribed by law, or when his property is exempted by law from sale on execution or other final process issued from any court against him, his wife may bring an action in her own name, with the like effect as in cases of actions in relation to her sole property." Comp. L. § 4805.

The defendants insist that this statute only empowers the wife to bring suit for exempt property to protect it against the encumbrances of the husband or against levies on execution or other final judicial process; and the circuit judge seems to have been of this opinion. It may be that these cases were all that were distinctly in mind when the statute was enacted; and they embrace the cases in which the wife is most likely to need the protection of the law in such suits.

But it is the property exempted, that the wife may sue for, and the statute does not in terms limit her right to cases in which it has been encumbered by the husband or seized on execution or other final process. If it is exempt from such encumbrance or seizure, she may bring an action in her own name to preserve the benefit of the exemption.

If this cow had been seized on attachment, instead of execution, it will hardly be contended that the wife could not replevy it: the benefit of the statute would be in great measure lost if she must wait until judgment is rendered and the property taken in execution. But if she may bring suit in case of attachment no reason can be suggested why she may not do so when a pound-master improperly seizes exempt property without process. The exemption is for the benefit of the family; *Shepard v. Cross* 33 Mich. 96; and the remedy is given to her that the family may be protected in the benefit even when the husband is indifferent or hostile. There is no reason for exempting from this remedy any case in which the property is seized in adversary proceedings.

It is said, however, that a recovery by the wife will not be a bar to a suit by the husband; and this is given as a reason why the statute should not have the construction relied upon by the plaintiff. But if the statute by fair intendment gives the right of action, it must be so construed as to give to parties concerned all due protection. There will probably be no difficulty in dealing with the anticipated difficulties when the case arises which presents them.

As the circuit judge expressly put the case on the right of the plaintiff to sue, no other questions can be considered.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.