The opinion of the court was delivered by
Valentine, J.:
This was an action brought by Elizabeth Close Street against Charles Fish and John A. Dowell, to recover the value of certain personal property, which she claims was taken from her possession by a constable, by virtue of an attachment issued in an action in which said Fish was plaintiff and the said Elizabeth Close Street -and her sister, Anna Close, were defendants, and which property was sold by virtue of said attachment upon an order of the justice of the peace in said action. The plaintiff also claims that the property was levied upon and sold at the instance and request, and by the direction, not only of Fish, but also of the said John A. Dowell. The property is described as follows: One large cheese vat, one small cheese vat, one large cheese press, one small cheese press, one large milk can, one small milk can, two curd knives, four press screws, five large cheese hoops, three small cheese hoops, one hoisting apparatus, stovepipe belonging to cheese vats, one tin strainer and scoop, two-milk cans, one curd rake and dipper, one jar, five cheese boxes, three chairs, and seventy-one cheeses, weighing 2,9 lfi pounds. The case was tried before the court and a jury, and the jury found a verdict in favor of the plaintiff and against the defendants, and judgment was rendered accordingly j. and the defendants now, as plaintiffs in error, bring the case to this court for review.
*272 The defendants, plaintiffs in errgr, claim that the court below committed error with respect to the following matters:
“1. As to when a person lays himself liable jointly with an officer in the sale of exempt property,” the plaintiffs in error claiming .that John A. Dowell did nothing to render himself liable to the plaintiff below.
“2. As to what articles are exempt, as the necessary tools and implements of a mechanic, etc., the defendants contending that it (the statute ) has reference to simple instruments used by hand, such as a plane,” etc.
3. As to the plaintiff’s being “a resident of the state and the head of a family.”
4. As to “the evidence of Howell (a witness for the plaintiff below) stating facts occurring long after the supposed cause of action accrued.”
We shall consider these supposed errors in their order:
I. As to the liability of the defendant Dowell. It appears from the evidence that both defendants, Dowell and Fish, had claims against the plaintiff, Mrs. Street, Dowell’s claim being for $136.73, and Fish’s claim being for $63.03. They were in the nature of accounts. Both of the defendants reduced their claims or accounts to writing, dating each of them December 2,1878, and Dowell assigned his to Fish. Fish then commenced an action before a justice of the peace on both of these claims against Mrs. Street and her sister, Anna Close. The justice required Fish to give security for costs, and Dowell became his surety for such costs. Dowell also signed the attachment bond, as surety for Fish. The attachment was then issued and levied on the plaintiff’s property, Dowell being present at the time and making out the inventory of the property attached. Dowell afterward acted as one of the appraisers of the property, and then took the property, or the larger portion of it, into his possession to hold pending the suit; and while so holding the property, he refused to deliver it to the plaintiff, Mrs. Street, although she demanded it of him as being exempt from the attachment under the exemption *273 laws. For fear that she might in some way obtain possession of it, Dowell hid the property, taking a portion of it to his ■ •corn crib, and another portion of it to his hay mow, and covering it up with hay and corn, for the purpose, as he stated, of secreting it from Mrs. Street and placing it where she •could not find it. When the property was sold under the attachment proceedings, by order of the justice of the peace, Dowell purchased a portion of it. Dowell was also one of the principal witnesses in the case of Fish against Mrs. Street and her sister, Anna Close. Now if the taking of said property from Mrs. Street under said attachment proceedings, and selling the same, were wrong, we think the foregoing evidence was amply sufficient from which the jury had a right to find Dowell’s liability for the wrong; for any person who aids, abets or assists in the commission of a wrongful act, is equally liable with the principal; and any person who causes a wrong to be done is himself responsible for the wrong, even though the wrong may be accomplished or effected through the action of an innocent person. Dowell was probably the principal •cause of the plaintiff’s property being taken and sold by virtue of said attachment proceedings. We therefore think that no •error was committed by the court below with reference to Dowell’s liability for the seizure and sale of such property, provided such seizure and sale were wrongful.
II. The defendants, plaintiffs in error, also claim that some of the articles of property which the plaintiff claimed as being exempt under the exemption laws, were not so exempt, because they were not tools and implements or instruments, within the meaning of the exemption laws. The evidence does not show that they, or «Ay of them, constituted complicated and expensive machinery; nor does it show that they were not instruments or implements which could not be used by hand. Indeed, we suppose they were used entirely by hand, and by Mrs. Street and her sister, Anna Close. It does not appear that any one else assisted them, or that they had the use of any other power than their own personal energy, force and strength. Mrs. Street was a practical cheese maker, and foi *274 lowed the business of making cheese as her vocation, and all the articles of property attached, except the cheeses, were used by Mrs. Street and her sister in Mrs. Street’s business of making cheese. We therefore think that the articles claimed to be exempt as tools and instruments were tools and instruments or implements within the meaning of the exemption laws, and that they were exempt from said attachment, and therefore that the court below did not commit any error with reference to them.
III. The defendants, plaintiffs in error, also claim that Mrs. Street was not a resident of the state of Kansas, and was not the head of a family'; and they claim these two things for the same reason — that is, they claim that Mrs. Street was not a resident of the state of Kansas, and was not the head of a family, because she had a husband living who was not a resident of the state of Kansas. The facts in reference to these questions seem to be, in substance, as follows: In 1877, and prior to April 3, 1878, the plaintiff, Mrs. Street, was a resident of Brown county, Kansas, engaged in the manufacture of cheese. On April 3, 1878, she was married, in the city of St. Joseph, Missouri, to Charles F. Street, who was not at that time and has never since been a resident of the state of Kansas. Immediately after her marriage, she came back to Brown county, Kansas, and again commenced the manufacture of cheese. Her husband, at the same time, went to Ellis county, Kansas, to herd cattle; but did not go there with the intention of making any portion of Kansas his home. Afterward he went to Colorado, where he still remains. The plaintiff still considers her home in Brown county, Kansas; and there was sufficient evidence from which the jury iad a right to' find that her home is■ still in Brown county, Kansas. From the evidence, and the verdict of the jury, the plaintiff’s home is in fact still in Kansas; and we do not think that the mere fact that she has a husband who has no home in Kansas, and perhaps no home anywhere in the world, can, as a matter of law, render her homeless in Kansas, or destroy her residence in Kansas. There is no evidence tending to show.that she *275 was ever in Colorado, where her husband is now staying. We think she has such a residence in Kansas that she may claim the benefit of the exemption laws. It was probably not necessary for her to be the head of a family in order to claim any of the property which was attached. Indeed there is not the slightest room for any question upon this subject, except as to two dollars’ worth of the property; but even that property she could probably hold as exempt, on the ground of its being used in her business of making cheese. Her cheese factory and her residence were all together in the same building. She was, however, the head of a family, she and her younger sister, Anna Close, living together in the cheese factory as a family.
IV. We think that Howell’s testimony was entirely competent. It was simply with reference to the defendant, Dow-ell, hiding the property to keep it away from Mrs. Street. It is probably immaterial whether the contract offered- by the defendants was properly excluded or not; but we think it was properly excluded.
The judgment of the court below will be affirmed.
All the Justices concurring.