Muir *v.* Howell.

## SARAH A. MUIR

*v.*

## WILLIAM H. HOWELL et al.

1. On a judgment against a married woman, a sheriff seized her chattels, consisting of household furniture &c. She was living with her husband, who was insolvent and contributed but little to the family's support, and she had for several years almost entirely maintained him and her children.—*Held*, that her right to claim exemption under the execution act, as "a debtor having a family residing in this state," not being clear, she therefore was not entitled to an injunction restraining the sheriff from selling the chattels which she claimed were exempt.

2. If her right had been clear, injunction in equity would have been appropriate relief.

Bill for relief. On general demurrer.

*Mr. E. C. Lyon,* for demurrants.

*Mr. H. C. Pitney,* for complainants.

THE CHANCELLOR.

This is a bill for an injunction merely. It seeks no other relief, and under the circumstances no other could be granted. The complainant is a married woman, living with her husband at Morristown, in this state. Her judgment creditor is proceeding by execution on his judgment against her goods and chattels. She claimed from the sheriff the benefit of the exemption secured

NOTE.—A wife constitutes a "family," *Kitchell* v. *Burgwin, 21 Ill. 40; Brown* v. *Brown, 68 Mo. 388; Bradley* v. *Rodelsperger, 3 Rich. (N. S.) 226.* See *Spencer* v. *Spencer, 11 Paige 159.*

One who marries after a judgment obtained against him and before sale thereunder, may claim to hold a homestead exempt, *Trotter* v. *Dobbs, 38 Miss. 198; Stone* v. *Darnell, 20 Tex. 11; Letchford* v. *Cury, 52 Miss. 791; Hawthorne* v. *Smith, 3 Nev. 182; Horton* v. *McCall, 66 N. C. 159;* but see *Reinbach* v. *Walter, 27 Ill. 393; Freeman* v. *Stewart, 5 Biss. 19; Elston* v. *Robinson, 23 Iowa 208; Pender* v. *Lancaster, 14 S. C. 25.*

Muir v. Howell.

by the statute to a "debtor having a family residing in this state."
Her right to the exemption was denied by the creditor, and the
sheriff refused to recognize it unless indemnified by her for so
doing. She was unable to obtain the requisite security, and the
sheriff was therefore proceeding to sell the goods, notwithstanding
and in total disregard of her claim, when she filed the bill. She
avers in the bill that she is the wife of Caleb M. Muir, and re-
sides and has resided for many years past in Morristown, with
her husband, by whom she has two children, who live with them;
that both of the children are unmarried; that several years ago
her husband, who had been engaged in business in Morristown,
failed therein and became entirely poor, insolvent and bereft of
all property whatsoever, and that she, in order to support the
family, several years ago engaged in the business of keeping a
millinery store in Morristown, and for that purpose rented a
dwelling-house with a store beneath it there, in her own name,
and has for more than eleven years past occupied the house and
paid the rent from year to year, and has become the owner of

The husband's temporary absence from home will not prevent his claiming
the benefit of the exemption, *Haswell* v. *Parsons,* 15 *Cal.* 266; *Kenley* v. *Hudel-
son,* 99 *Ill.* 493; *Guy* v. *Downs,* 12 *Neb.* 532; *State* v. *Finn,* 8 *Mo. App.* 261;
*Seaton* v. *Marshall,* 6 *Bush* 430; *Mark* v. *State,* 15 *Ind.* 98; *Currington* v. *Her-
rim,* 4 *Bush* 624; *Stewart* v. *Brand,* 23 *Iowa* 477; *Wetz* v. *Beard,* 12 *Ohio St.*
431; *Meitzler's Appeal,* 73 *Pa. St.* 368; see *Searcy* v. *Short,* 1 *Lea* 749; *Viele*
v. *Koch,* 27 *Ill.* 129; or the destruction of the house by fire, *Howard* v. *Logan,*
81 *Ill.* 383. See *Sands* v. *Roberts,* 8 *Abb. Pr.* 343.

A husband's waiver of a right to homestead and exemption, binds his wife
and minor children, *Taliaferro* v. *Pry,* 41 *Ga.* 622; *Abernathy* v. *Whitehead,*
69 *Mo.* 28; *Smith* v. *Shepheard,* 63 *Ga.* 454; see *King* v. *Moore,* 10 *Mich.* 538;
*Partee* v. *Stewart,* 50 *Miss.* 717; *Denny* v. *White,* 2 *Coldw.* 283; *Panton* v.
*Manley,* 4 *Bradw.* 210; *Beavan* v. *Speed,* 74 *N. C.* 544.

The following persons have been held entitled to exemption:

A wife separated from her husband, who had no children, *Brown* v. *Brown,*
68 *Mo.* 388; or where the wife had children who lived with her, *Kenley* v.
*Hudelson,* 99 *Ill.* 493; *Eproson* v. *Wheat,* 53 *Cal.* 715; a husband whose wife
had deserted him in another state, before his removal here, *Whitehead* v. *Tapp,*
69 *Mo.* 415; see *Lacey* v. *Clements,* 36 *Tex.* 661; a wife, whose husband is
skulking to avoid the process of the court, *Norman* v. *Bellman,* 16 *Ind.* 156;
*Malvin* v. *Cristoph,* 54 *Iowa* 562; or who has absconded, *Frazier* v. *Syas,* 10
*Neb.* 115; *People* v. *Stitt,* 7 *Bradw.* 294; *Yelverton* v. *Burton,* 26 *Pa. St.* 351;
*Woodward* v. *Murray,* 18 *Johns.* 400; *Bonnel* v. *Dunn,* 5 *Dutch.* 435; *State* v.

most of the household goods and chattels, kitchen furniture and utensils therein; that for the last five years at least her husband has, by reason of age and poverty, been able to do little, if anything, towards the support of the family, and almost the whole expense and burden of such support and maintenance have fallen upon her; that for ten years past she has almost entirely provided for and supported the family, consisting of herself and her husband and two children, by her own exertions, in keeping the before-mentioned millinery store, with such aid as her children and husband could from time to time furnish her; and that about seven months ago she was obliged to abandon the keeping of the store, and since then it has been kept by her daughter, a young lady of about twenty-two years of age. The goods levied on and which the sheriff is about to sell, are household and kitchen furniture—her property. The defendants, who are the sheriff and the judgment creditor, have demurred to the bill for want of equity.

If the complainant is entitled to the exemption which she

*Dill, 60 Mo. 433; Nash* v. *Norment, 5 Mo. App. 545;* a wife divorced from her husband for his desertion, and who continued to occupy the homestead with her children, *Blandy* v. *Asher, 72 Mo. 27; Sellon* v. *Reed, 5 Biss. 125; Bonnell* v. *Smith, 53 Ill. 375; Hotchkiss* v. *Brooks, 93 Ill. 386;* a wife driven from her home by the misconduct of her husband, *Sherrid* v. *Southwick, 43 Mich. 515.*

The following persons have been held not entitled to exemptions:

A married woman, residing in this state, who has no children and whose husband is a non-resident, *Keiffer* v. *Barney, 31 Ala. 192; Farlin* v. *Sook, 26 Kan. 397;* see *Fish* v. *Street, 27 Kan. 270; Com. Bank* v. *Chicago R. R. Co., 45 Wis. 172;* a wife divorced from her husband, who continued to live on the homestead with some of their minor children, *Redfern* v. *Redfern, 38 Ill. 509; Dunham* v. *Dunham, 128 Mass. 34; Woods* v. *Davis, 34 Iowa 264;* see *Cooper* v. *Cooper, 24 Ohio St. 488; Vanzant* v. *Vanzant, 23 Ill. 536;* a wife, during the lifetime of her husband who alone has aliened the homestead, *Davis* v. *Andrews, 30 Vt. 678; Atkinson* v. *Atkinson, 37 N. H. 434; Sargent* v. *Wilson, 5 Cal. 504; Thorns* v. *Thorns, 45 Miss. 263;* see *Alley* v. *Bay, 9 Iowa 509; Richards* v. *Chace, 2 Gray 383; Williams* v. *Starr, 5 Wis. 534; Barton* v. *Drake, 21 Minn. 299; Phillips* v. *Stanch, 20 Mich. 369; Abell* v. *Lothrop, 47 Vt. 375;* a wife who has no children, although living with a second husband who has children by a former wife, *Lathrop* v. *Soldiers Assn., 45 Ga. 483;* a husband or wife who has removed or absconded from the state, *Tranick* v. *Harris, 8 Tex. 312; Reg.* v. *Davidson, 21 U. C. Q. B. 41;* see *Grau* v. *Man-*

Muir *v.* Howell.

claims, her remedy, under the circumstances, is in this court. From the statements of the bill as above set forth, it is obvious that if she is entitled to the exemption, the law can afford her no adequate relief. She cannot protect her right to the property. If she is entitled to the exemption, she is entitled to hold the property itself, and manifestly an action for damages would be an inadequate remedy. The benevolent design of the legislature would be wholly frustrated if there were no remedy in equity to protect the indigent debtor. The object of the legislature was to secure to him and his family, for their use in their necessities, the property exempted, and if they are to lose the benefit of the provision, in case they are unable to furnish security, the statute will obviously be of little avail or advantage. The design in restraining proceedings at law by injunction out of equity is to prevent an unfair use being made of the process of a court of law, in order to deprive another of his just rights. *1 Story's Eq. Jur.* § *875 ; Smithurst* v. *Edmunds, 1 McCart. 408.* In *Watson* v. *Sutherland, 5 Wall. 74,* it was held that it is within the jurisdic-

---

*ning, 54 Iowa 719; Orr* v. *Box, 22 Minn. 485; Finley* v. *Sly, 44 Ind. 266; Earle* v. *Earle, 9 Tex. 630; Anthony* v. *Wade, 1 Bush 110;* a wife who has children by a former husband, living with a second husband, *Van Doran* v. *Marden, 48 Iowa 186;* a husband living on the separate property of his wife as a homestead, *Davis* v. *Dodds, 20 Ohio St. 473; Devinell* v. *Edwards, 23 Ohio St. 603;* see *Stewart* v. *Brand, 23 Iowa 477; Jenney* v. *Gray, 5 Ohio St. 45; Whiting* v. *Barrett, 7 Lans. 106;* a wife whose husband lived separate from her for seven years, and contributed nothing to her support, there being no children, *Linton* v. *Crosby, 56 Iowa 386.*

Under exemptions from execution, either of lands or goods, the husband is the "head of the family," where the husband and wife are living together, and he must claim the exception, *Girod* v. *Girod, 14 Cal. 506; Getzler* v. *Saroni, 18 Ill. 511; Strachn* v. *Foss, 42 N. H. 43; Taylor* v. *McElvin, 31 La. An. 283; Neal* v. *Sawyer, 62 Ga. 352; Zellers* v. *Beckman, 64 Ga. 747; Shattes* v. *Melton, 65 Ga. 465; Clinton* v. *Kidwell, 82 Ill. 427; Van Doran* v. *Marden, 48 Iowa 186.* But where the husband was a deaf mute and imbecile, living with his wife, who had charge of and carried on the plantation, which was cultivated by her sons, the wife was allowed to claim the exemption, *Hardin* v. *Wolf, 29 La. An. 333* (two judges dissenting). So, where the husband and wife were living together, the wife being the real debtor, and helping to maintain the family by sewing, she was allowed to claim of her own goods, which had also been levied on under the execution, to the extent necessary to make, with her husband's property, the amount exempted by statute, *Crane* v. *Wag-*

Muir v. Howell.

tion of equity to prevent, by injunction, in view of the inadequacy of the legal remedy, the sale, under execution at law, of personal property not subject to execution. *Lewis* v. *Levy, 16 Md. 85; Chappell* v. *Cox, 18 Md. 513,* and *Fuselier* v. *Buckner, 28 La. An. 594,* are cases in which the jurisdiction of equity in such cases is recognized.

The complainant's claim to relief rests upon the alleged existence of a right which is, in its nature, purely legal—a right which depends upon the construction of a statute granting an exemption in derogation of the common law. The statute secures the benefit of the exemption to any " debtor having a family residing in this state," and the question is, whether the complainant is within that description. That her husband is, is obvious, and he is undoubtedly entitled to the benefit of the statute. The object of the statute is to protect the family. *Bonnel* v. *Dunn, 5 Dutch. 435.* The complainant and her children are the family of her husband. The legitimate and necessary result of the construction insisted upon by the complainant, would be to secure,

*goner, 33 Ind. 83.* Also where the husband refused to act, and made no objection to the claim interposed by the wife, *Connally* v. *Hardwick, 61 Ga. 591; Kirtland* v. *Davis, 43 Ga. 318.* To a bill filed by a married woman, to have a homestead right set off to her, it is no defence that her husband was then providing her with a comfortable home, *Comstock* v. *Comstock, 27 Mich..97.* So, where the wife was contributing to the support of her family by the employment of a team which had been seized, *McHugh* v. *Curtis, 48 Mich. 262.*

In *Clinton* v. *Kidwell, 82 Ill. 427,* it was held that there is no presumption that a married woman, residing with her husband, on her land, is the head of the family ; nor is it enough that she states that the property on the premises is her sole and separate property, and that she has children by her former husband living with her.

A bill in equity and injunction are the proper remedies where exempted *lands* have been seized under execution, *Webb* v. *Cowley, 5 Lea 722; Guy* v. *Downs, 12 Neb. 532; Williston* v. *Schmidt, 28 La. An. 416; Jones* v. *Crumley, 61 Ga. 105; Panton* v. *Manley, 4 Bradw. 210;* see *Slanker* v. *Beardsley, 9 Ohio St. 589;* but not *chattels,* in Florida. *Bryan* v. *Long, 14 Fla. 366; Haynes* v. *McGeehee, 17 Fla. 159; Phillips* v. *Crichton, Id. 600.* CONTRA, in Texas, *Nichols* v. *Claiborne, 39 Tex. 363;* denied, *Freeman Ex. ? 439;* see *Pudney* v. *Burkhart, 62 Ind. 179.* In Michigan, jurisdiction is conferred by statute, *Shepard* v. *Cross, 33 Mich. 96; Ingersoll* v. *Gage, 47 Mich. 121;* see, further, *1 Am. Law Reg.* (N. S.) *641, 705; 20 Id. 753; 13 Cent. L. J. 205; 5 N. J. L. J. 358.*—REP.

in this and every like case, the right to a double exemption—one to the husband and one to the wife.

It is very clear from the language of the statute, especially in connection with the other statute also providing for exemption in favor of the family of a deceased debtor, that the legislature intended to grant the exemption in respect of the father or husband, regarding him as the person who " has the family." In the act under which the claim under consideration is made, the language is :

" Goods and chattels of every kind not exceeding in value, exclusive of wearing apparel, the sum of $200 ; and all wearing apparel, the property of any debtor having a family residing in this state, shall be reserved as well after as before the death of the debtor for the use of *his* family." *Rev. p. 391.*

The act also provides that in case of the debtor's absence, the selection of the goods may be made by " his wife or family." In the other act the language is such as to confine the benefits of the provision to the family, in the settlement of the estate of the father or husband, for it speaks of the widow, and provides that every person residing in this state at the time of his death, dying testate or intestate and leaving a widow or a child or children who shall reside in his family at his death, him surviving, shall be deemed and taken to have left a family entitled to the benefits of that act. *Rev. p. 763.* These acts are *in pari materia,* and their language is such as to make it clear that the legislature regarded the father or husband as the law does—as the head of the family—and provided for the exemption as against his creditors. As before stated, the statute under consideration is in derogation of the common law, and it should therefore be construed strictly.

In *Rue* v. *Alter, 5 Denio 119,* it was held that statutes exempting a debtor's property from the payment of his debts are not remedial, in the ordinary sense, so as to require that they be construed with any peculiar liberality ; that they are in derogation of the common law and confer immunities and privileges contrary to its general maxims, and that the interpretation is to be according to what is written, or what is plainly and manifestly

to be implied from what is written. It was added that the court is not to speculate on what are the evils to be provided against, and thus come to a conclusion in conformity to what a. liberal and munificent spirit, or perhaps a more enlightened judgment than that displayed in the legislative provision, would approve. See, also, *Hammer* v. *Freese, 19 Pa. St. 255 ; Fuselier* v. *Buckner, 28 La. An. 594 ; Todd* v. *Gordy, Id. 666 ; Briant* v. *Lyons, 29 La. An. 64.*

In *Fuselier* v. *Buckner,* it was held that the Louisiana homestead act, which gives exemption to a " debtor having a family or mother or father dependent on him for support," does not confer the privilege on the wife of the debtor ; that during the marriage the husband is the head of the family, upon whom devolves the support of the family, and that whether, in exceptional cases, the wife may have to contribute to the support of the family or not, cannot affect the interpretation of the statute ; that the letter of the law is unambiguous, and the court is not permitted to disregard it under the pretext of divining the intention of the legislature. On the other hand, there are cases in which it has been held that such statutes are remedial and are to be construed liberally. The cases on the subject of the construction of such laws will be found in a note to *Bunnell* v. *Hay, 73 Ind. 452,* in *20 Am. L. Reg. 751.* It is not necessary to consider the question whether a widow or a single woman, being a debtor and having a family residing in this state, is entitled to the benefit of the statute. The question in the case in hand is,, whether a married woman, living with her husband, is entitled to it. Nor do I feel called upon to decide even that question. It is enough for the decision of this case that the complainant's. right is not clear. Her claim is based on a general law. She is not within the express terms of it, and it is not manifestly to be implied that they extend to her. When the principles of law on which the complainant's claim of right rests are disputed, and will admit of doubt, a court of equity, although satisfied as to what is the correct conclusion of law upon the facts, may not, upon the opinion of the equity judge, without a decision of the

courts of law establishing such principles, grant an injunction. *Hackensack Imp. Co.* v. *N. J. Mid. R. R. Co.*, *7 C. E. Gr. 94.*

In *Stevens* v. *Newark and Paterson R. R. Co.*, *5 C. E. Gr. 126*, it was held that an injunction will not issue where the right of the complainant, which it is designed to protect, depends upon a disputed question of law about which there may be a doubt which has not been settled by the courts of law of this state. And that enunciation of the law on the subject is quoted with approbation in *Citizens Coach Co.* v. *Camden Horse R. R. Co.*, *2 Stew. Eq. 299*, prefaced by the remark that no rule of equity is better settled than the doctrine that a complainant is not in a position to ask for a preliminary injunction when the right on which he founds his claim is, as a matter of law, unsettled. The principle applies to the bill in this case. If the complainant's right is not clear, there should be no injunction, and therefore no relief, for, as before remarked, the bill is merely an injunction bill, and no other relief than that of injunction can be awarded. It is at least doubtful whether the complainant has the right which she seeks to protect. In the present condition of the law, I could not decree that she has the right which she claims, and therefore could grant her no relief. The demurrer will be allowed and the bill dismissed.