## HELFENSTEIN & GORE *v.* CAVE.

Where a party claims a homestead in lands used for agricultural purposes, under the act entitled "An act to exempt a homestead from forced sale," approved January 15, 1849, he must allege and show that the homestead claimed, does not exceed the forty acres given by the statute; that it is not included in the recorded plat of a city, town, or village; and that it does not exceed five hundred dollars in value.

In a plea of homestead, under the homestead act of 1849, it is not necessary to allege that the defendant notified the officer, at the time of making a levy upon the land, of what he regarded as a homestead, or that he claimed such homestead.

In an action of right, where the defendant claims the premises as his homestead, under the homestead act of 1849, the defendant may plead that the premises are susceptible of a division, so that a portion, including the dwelling house and buildings appurtances thereto, may be set off in such manner that the homestead will not exceed the sum of

five hundred dollars; and in such a plea, it is not necessary to set out new limits to the homestead, in order to bring it down to the necessary value.

Under such a plea of homestead, it is incumbent upon the plaintiff, either to deny that the premises are divisible, or to call for a survey of the premises, and the ascertainment of a quantity of the land, to meet the required value.

*Appeal from the Van Buren District Court.*

TUESDAY, JUNE 22.

Action to recover certain real estate, consisting of a tract of land and the appurtenances, with damages for the detention thereof. The plaintiffs recovered judgment against one Wyman and the defendant Cave, as parties, at the September term of the district court, for the year 1851. An execution, issued under this judgment, was levied upon the real property in question, and it was bought by the plaintiffs, who now sue for possession. The defendant answered, pleading that the land and appurtenances so levied on, constituted his homestead, at the time when the promissory note was given, upon which the said judgment was recovered, and that the same was, therefore, not subject to levy and sale. The answer consists of six counts, setting forth the claim of homestead in various manners, which are sufficiently shown, as well as the objections made to them, by the demurrer and the opinion of the court.

The plaintiff demurred to the counts of the answer severally, except the first, as follows: To the second count: 1. That there is no allegation that the property claimed, does not exceed five hundred dollars in value, and the answer claims the whole property as exempt; 2. That there is no allegation that defendant made any claim of homestead of the sheriff, or gave any notice of any claim of homestead at the time of attachment, levy or sale, or that the purchaser had any knowledge of such claim. To the third count: 1. That there is no allegation that defendant made

any claim of homestead of the sheriff, or gave any notice of such claim at the time of attachment, levy or sale, or that purchaser had any knowledge of such claim. To the fourth count: 1. That there is no averment that the property does not exceed five hundred dollars in value. To the fifth count: 1. The same cause as the fourth. To the sixth count: 1. That it does not show what portion of the property was, and is, exempt from execution, and does not specify, by proper description, what he claims as a homestead.

The demurrer does not cover the first count. The court sustained it as to the first cause assigned to the second count, and as to the fourth and fifth counts—to which ruling the defendant excepted; and the court overruled it as to the second cause assigned to the second count, and as to the third and sixth counts, to which ruling the plaintiff excepted. Both parties appeal.

*Charles C. Nourse*, for the plaintiffs.

*Knapp & Caldwell*, for the defendants.

WOODWARD, J.—It is a familiar and well established rule of pleading, that when a statute gives a new right or privilege, under certain circumstances, conditions or qualifications, the party claiming such right in his petition, or setting it up as a defence in his answer, must bring himself within the requirements of the statute; in other words, must, in his pleading, show that he comes within the circumstances, or possesses the conditions or qualifications named by the statute as requisite for holding the right or privilege. In the case of a homestead, that given by the statute in a town, and held for usual town purposes, differs in quantity from that given in lands held for agricultural purposes. The case at bar is a claim of a homestead of the latter kind. Therefore, the party claiming must show, that the homestead claimed does not exceed the forty acres given by the statute; that it is not included in the record-

ed plat of a city, town or village, or, in other words, that his claim applies to agricultural lands, and not to a town lot; and third, that it does not exceed five hundred dollars in value—this claim being made under the act of January 15, 1849.    Statute 1849, 150.

The district court appears to have adjudicated this case, under the above rule, and to have held those counts of the answer insufficient, in which all of the three conditions above named are not averred.    Thus, the second, fourth and fifth counts, omit the allegation that the homestead claimed, does not exceed five hundred dollars in value, and therefore, the demurrer thereto is sustained.    But the third and sixth counts contain the necessary averments, touching each of the above conditions, and, therefore, the demurrer is overruled as to these.    Thus far, we think, there was no error, for the rule first stated is applicable to the case.    See same case, 3 Iowa, 288.

But there are one or two other points made by the demurrer.    To the second count of the answer there are two objections stated, the second of which is, that there is no averment that the defendant made a claim of homestead of the officer executing the writ, or that he notified the officer that he claimed such homestead.    This allegation is not made in the third count, either, but the objection is not taken here.    The averment is, however, made in the fourth, fifth and sixth counts.    Was it necessary to the validity of the second?    We think not.    Trying the question by the rule first suggested, it was not requisite, because in the section or clause giving or creating the right claimed, there is no requirement upon the subject of notifying the officer.    And viewing it upon wider grounds, it would not seem requisite that a notice to the officer should be pleaded.    If this should be required, it must be upon the ground that it must be proved, and so that it is essential to the assertion of the right; and we are not prepared to say that such notice is of vital consequence.    The statute is not explicit, nor is it clear upon the point of making known the claim of homestead.    It is a matter of course, that it must be

made known at some time, and in some manner, but as the case does not demand it, we do not attempt to lay down a rule.

The statute provides that when a levy is made upon lands, in which the homestead has not been selected and set apart by metes and bounds, the householder may notify the officer at the time of making the levy, of what he regards as his homestead, with a description thereof. Then, so far as regards the question of pleading, as applied to this particular count, (the second), it does not appear in the answer, whether the homestead had been selected and set apart; and therefore the demurrer does not reach the point.

This leads to the remaining question, which is made by the demurrer to the sixth count. The cause assigned is, that this count does not set up and show what portion of the property is claimed as a homestead. We have before remarked that the statute is not specific in its provisions in relation to the owner's defining and claiming his right, and that, in the nature of the case, it is necessary that it should be done at some time. If it is not done before, it must be done, at least, in an action brought, as the present one is, to recover the property, by the creditor who has levied upon it. That is, this must be done where the homestead would cover but a portion of the land levied on; but if the claim of homestead covers all the property so taken, it would seem that the pleading was specific in applying the claim to the property sued for, and described in the petition. But this is not the position of the sixth count of the answer. This does not plead that the thirty-five acres are not worth over five hundred dollars, but avers that they are susceptible of a division, so that a portion, including the dwelling house and buildings thereon, could be set off in such manner that it would be worth less than that sum.

The plaintiff demurs to this, because it does not specify what portion of the land he claims as a homestead. Throughout the former part of his answer, the defendant

has claimed the whole of the land levied on, as exempt, and this count is not to be understood as waiving this. It is but another plea, claiming that, if it should be found that the land is of a greater value than five hundred dollars, then it is capable of being reduced to a quantity which shall not exceed that value. Or, taking another view, he pleads that at the time of the levy, and before the sale, he notified the officer that he claimed the whole as a homestead, implying that, according to the statute, if the plaintiff dissented from this claim, because the land was of too great value, he should cause it to be surveyed and reduced. The defendant may plead so as to lead to an ascertainment of these facts, and a reduction of the quantity, so as to reach the value allowed; and when he is seeking to do this, having first asserted a claim to the whole, as being within the lawful bounds, we do not think he is obliged to set out new limits, in order to bring it down to the necessary value, and thus possibly jeopardize his whole right, by forming an issue on a question compounded of quantity and value. And farther, it is inconsistent that he should do so; for he has just averred that the whole does not exceed the proper value, and he cannot now be held to say that thirty acres, or twenty-five, are of the same value.

The statute is indefinite, and does not direct the proceedings in detail, and they are to be defined in the light of the leading object of the statute, and of those particulars which are given. Under such light, therefore, as there is, we are inclined to think that, when the matter has arrived at the present stage of this case, it is incumbent upon the plaintiff to make a move, by either denying that the property is divisible, or by calling for a survey, and an ascertainment of a quantity to meet the required value. This he might have done out of court, and we think he must be permitted to do it while his suit is pending. This must be so held, or else he must be considered as waiving the point of value, by not dissenting before the sale, when notice was given of the claim of homestead. And as the

matter of the plea is considered good on the defendant's part, this step must be held good on the part of the plaintiff.

Under these views, we hold that the demurrer of the plaintiff to the sixth count of the defendant's answer, was properly overruled.  Wherefore, we do not find that there was error in the judgment, nor in the rendition thereof, and the same is affirmed.

Judgment affirmed.