| 23 | 477 |
| 135 | 443 |

## STEWART v. BRAND.

1. Conveyance: DEFECTIVE DESCRIPTION: HUSBAND AND WIFE. A deed from a husband to his wife described the number of the lot and block correctly, but omitted the name of the town : *Held*, in a proceeding by one claiming through the devisee of the wife, that the error should be corrected ; and that it was no defense that the husband had consented to make the deed upon being importuned by the wife, that it was without consideration, and that he had purposely left out the name of the town.

2. Homestead: HUSBAND AND WIFE: DEVISE. While a wife in whom the title of the homestead is, may devise the same, she does so subject to the homestead right of the husband to continue to occupy the same after her death, though he is without children who remain with him.

3. —— ABANDONMENT. A temporary absence from the homestead with the intention of returning will not work an abandonment : nor will a temporary lease to a tenant with whom the possessor of the homestead right boards during the tenancy.

4. —— MORTGAGEE WITHOUT NOTICE. Whether a mortgagee without notice, of a person having the apparent legal title and holding possession of the premises at the time of the execution of the mortgage, though against the consent of the person having the homestead right, could claim that the homestead right, subject to which the legal title was in fact held, was as to him abandoned, *quere*.

5. —— MORTGAGEE WITH NOTICE. But as to a mortgagee, in such a case, having knowledge of facts sufficient to charge him with notice of the homestead right, there would be no abandonment.

6. —— MORTGAGE LIEN. A mortgage executed by a person to whom a wife holding the legal title had devised the homestead, confers a lien on the premises for the mortgage debt, subject to the homestead and dower right of the surviving husband ; and the mortgagee is entitled to a decree accordingly.

*Appeal from Lee District Court.*

MONDAY, DECEMBER 19.

HOMESTEAD : DEVISE AND ABANDONMENT OF, ETC. — The petition seeks to foreclose two mortgages made to the plaintiff, by J. C. Brand, and Mattie, his wife, upon lot 8, B. 21, in West Point. The first mortgage is dated, in January, 1862 ; the second in November, 1862. The defendant (Samuel Brand), is the father of the said J. C. Brand, the mortgagor of the plaintiff. The aforesaid lot 8, was devised to the said J. C. Brand by his mother, one Margaret Brand, who previously to her death received a deed therefor from the defendant, the said Samuel Brand. This deed described the lot and block

correctly, but did not name the town (West Point), in which the property was situated.

The petition not only asks a foreclosure, but also seeks to correct or perfect the description in the deed from Samuel Brand to Margaret Brand. The mortgagors (J. C. and Mattie Brand) are both dead. Their only heir at law, a child, died without issue pending this proceeding. One Mullen, the maternal grandfather, and the said Samuel Brand, the defendant, and who is the paternal grandfather of the said child, were substituted defendants in the place of the child.

The defenses relied on by Samuel Brand are these:

1. That the property in question is now, and was at the date of the mortgages, the homestead of the said Samuel.

2. That the deed from him to his deceased wife (Margaret) cannot be corrected for reasons noticed in the opinion.

In the order of time the material facts bearing on the questions raised, are as follows:

In 1857, Samuel (the present defendant) made the said defective deed to his wife, the said Margaret. In the same year, but afterward, the said J. C. Brand contracted for a house to be built on the lot, but his father, the said Samuel, paid for it. The father and his family moved into the house in November, 1857, and remained there until the death of the wife, as below stated.

February 9, 1861, the said Margaret died, leaving a will, which devised the house and lot in question to her son, the said J. C. Brand, the mortgagor of the plaintiff.

At and prior to this time, the house was occupied by the said Samuel and his wife Margaret as their home, and their son, the said J. C. Brand (then unmarried), lived with them.

In March, 1861, the said Samuel, being a very aged man, all of whose children were married, *leased* the house

to one McCormick, for one year; sold *part*, probably the surplus, of his household goods, and left the remainder in the house; went to visit temporarily his married daughter in Des Moines; returned the latter part of the year and slept and boarded in the house in question with his tenant, until the tenant's term expired. Meanwhile, viz., in May, 1861, the will of the mother devising the lot to the son (J. C. Brand) was probated. In January, 1862, the first mortgage to the plaintiff was executed by the said J. C. Brand, and being then married, his wife joined him therein. In March, 1862, the tenant, (McCormick) left the house, and J. C. and wife moved into it, against the protest of the said Samuel, who, *in the same month*, commenced against his said son an action of *forcible entry and detainer*, alleging that the son had obtained possession by stealth and intimidation.

The son set up title, and the justice transferred the cause to the District Court, where, on motion, the cause was dismissed, for the supposed reason that the justice had no jurisdiction. In November, 1862, the second mortgage was made by the said J. C. Brand and wife to the plaintiff. Both mortgages were made for goods and supplies furnished by the plaintiff (a merchant) to the said J. C. Brand. In January, 1863, the said J. C. Brand, died. His wife died in March following, where-upon the defendant took possession. Defendant states that he never acquiesced in their right to occupy it, but desisted from disturbing them, from motives of humanity, they being far gone with consumption and very feeble. Defendant was in possession of the house when this proceeding was commenced, living in it as his home, with his son-in-law. The District Court decided in favor of the defendant and dismissed the petition. Plaintiff appeals. The only contest is between the plaintiff and the said Samuel Brand.

*J. M. Beck* for the plaintiff.

*Semple & Kinly*, and *E. Perden* for the defendant.

DILLON, J.—QUESTION 1. Is the plaintiff entitled to have the deed, made by Samuel Brand (the defendant)

1. CONVEY-ANCE: defective description: husband and wife. to his wife, in 1857, corrected? This deed is defective only in not stating the name of the town in which the lot is situate. Defendant offered evidence showing that he was importuned to make this deed, that he consented to make it, that it was without actual consideration, and that he purposely left out the name of the town, and then delivered it to the wife who supposed it was correct. No fraud, and in a legal sense, no undue influence is shown. And upon the first question, we hold that the facts above referred to are no answer to the plaintiff's right to have the deed corrected. In equity the title was in the wife by virtue of this deed.

QUESTION 2. Did the mother's will pass title to her son, the said J. C. Brand? We may remark, that the alleged

2. HOME-STEAD: husband and wife: devise. fraud respecting the probate of this will is not established. At the time of the mother's death the property was the homestead of herself and the defendant (her husband). By law, she was capable of devising it, "subject to the rights of her surviving husband." Rev. § 2298; *Meyer* v. *Meyer*, at present term. This devise gave the property, or the right to it, to the son, subject to the rights of the surviving husband of the devisor.

He had, though a widower and though without children who remained with him, a homestead right in the property while continuing to occupy the house. Rev. § 2278.

QUESTION 3. Had this homestead been *abandoned* by him when the mortgages in question were made? The

3. —— abandonment. legal principles applicable to this inquiry, are stated in former opinions of this court and need not be repeated. *Tyffe* v. *Beers,* 18 Iowa, 4, and authorities there cited.

Upon the evidence, as a question of fact, we are of opinion that the above inquiry must be answered "No." When the first mortgage was made, the said Samuel was actually living in the house, and the son was not. It is true, the father was living with a tenant to whom he had rented the house, but such a temporary lease would not amount to an abandonment of the homestead right.

The question is somewhat more difficult as to the second mortgage, for, at the time it was made, J. C. Brand was 4. —— mortgagee without notice. in the actual possession of the house, but not with the consent of the father, who had been litigating and was disputing his right thereto. That the father did not intend to abandon his right is quite clear. That the son could claim that the father had abandoned his right, could not, under the evidence, reasonably be maintained. The question of doubt is, whether the plaintiff can insist that the father (he not being in actual possession, and the son having the apparent title) had abandoned his right.

The plaintiff had lived for years in the immediate vicinity as a near neighbor of the defendant, and had, we 5. —— mortgagee with notice. think, knowledge of facts sufficient to put him upon notice of the father's rights. Without going into an extended discussion of the evidence, we conclude by stating that upon all of the circumstances, we are of opinion that the father's homestead right had not been abandoned when the plaintiff received his mortgages.

QUESTION 4. Did these mortgages give the plaintiff a 6. —— mortgage lien. lien for the debts therein mentioned? Yes — subject to the rights of the father as the sur-

viving husband of the said Margaret. This conclusion is a necessary result of those which precede it.

QUESTION 5. Is the plaintiff entitled to a decree of foreclosure? Yes—subject to the rights of the said Samuel as the surviving husband. These rights are those of dower and of homestead; the nature and extent of which have been very carefully considered in the case of *Meyer* v. *Meyer* decided at the present term.

The decree of the District Court ordering the deed from Samuel to Margaret Brand to be corrected, is affirmed.

The decree of that court dismissing the petition is reversed, and a decree of foreclosure ordered, which decree shall be subject to the right of dower and of homestead in favor of the said Samuel. This cause is remanded to the court below with directions to enter a decree in accordance with this decree, specifically reserving the dower and homestead rights of the defendant, and equitably adjusting the costs in that court. The costs in this court to be paid by the defendant.

Reversed.