## URANA E. LEONARD, *et al.*, v. SARAH A. WILLS.

ACTION TO QUIET TITLE, *Maintainable.* Where a wife furnishes money to her husband, with which money he purchases certain lots in a city, taking the title to the property in his own name; and afterward the husband and wife take possession of the property and occupy the same as their homestead; and afterward, he attempts to convey the legal title to the property to his wife, but fails, merely from a failure to insert in the deed of conveyance the *number* of the block, and the *name* of the city in which such lots are situated; and this failure was not from *accident or mistake*, but from a want of recollection as to said number; and the grantor instructed the notary public, who took the acknowledgment to afterward insert said number, which he never did; and afterward the husband died intestate, and his children then set up a claim to the undivided half of said lots, and the wife, who had continuously resided upon said lots, claiming the same as her own, ever since and before the time when said deed was executed, commenced this action against the said heirs of her husband, setting up all the foregoing facts, and asking that said deed of conveyance be reformed, and that the defendants be barred and perpetually enjoined from ever setting up any title or claim to said lots, and for such other and further relief as may be equitable and proper

in the case, *held*, that although the plaintiff may not have an action to reform said deed, still she has an action to quiet her title to the property as against the defendants. (Civil Code, ? 594.)

*Error from Montgomery District Court.*

ACTION brought by *Wills* against *Leonard* and two others, to correct a mistake, supply an omission, and amend the description of certain premises, contained in a warranty deed, so as to make the description correspond with the actual intention of the parties thereto. Trial at the September Term, 1879, of the district court, and judgment for the plaintiff. The defendants bring the case here. The facts appear in the opinion.

*Humphrey & O'Connor*, for plaintiffs in error:

But even if the jurisdiction was complete, the demurrer was good, for the reason that the petition asked the court to reform a nullity into a deed. That courts of equity often reform deeds and other contracts on the ground of mistake of fact, so as to make them conform to the real intention of the parties, is admitted. But they do not create deeds, nor make contracts for the parties; they do not attempt to breathe life and vitality into what is dead, nor give substance to what is void.

The description is, perhaps, the most important part of a deed. Without it, there is nothing upon which the other clauses of the deed can operate. Hence, a deed without any description is no deed, but a mere nullity. (2 Wait's Actions and Defenses, 502, 503, and authorities cited.) "Where a deed describes no territory whatever, it cannot be construed to pass any title to any particular tract of land, but must be deemed as wholly inoperative." (41 N. H. 337.)

In this case, the grantor did not even attempt to describe the premises — simply left them blank. This is not a case of a deed with a defective description which it is sought to have reformed. But plaintiff below says that she has Thomas H. Wills's signature to a deed, and asks the court

to fill it up. "In contracts, equity will correct errors of fact, etc.; but it will not carry this so far as to make contracts for the parties." (13 Iowa, 113; U. S. Digest, old ed., vol. 23, p. 199.) In the case at bar, the deed which plaintiff asks to have reformed, is void; and for this reason, we think it can not be done; and it being void, the party has her remedy at law, and hence, no standing in equity.

*Geo. & Jos. Chandler,* for defendant in error:

Ought not this description to be amended and made to correspond with and carry out the wishes of the parties to this deed? On principles of natural equity the defendant should have such relief.

Where fraud, accident or mistake is clearly made to appear in a written instrument, it may, by parol evidence, be made to conform to the ascertained intent of the parties to it. (3 Grant, 277; 30 Ill. 288; 17 Md. 361.)

So, if the instrument by mistake of the author or draughtsman does not speak the authors mind, it may be reformed. (28 Ga. 74; 1 Metc. Ky. 358; 11 Foster, N. H. 193; 14 Ala. 688; see also 41 Wis. 404; 60 N. Y. 298.)

Ignorance of a material fact at the time of doing the act or making a contract will, in general, be ground for relief in equity, not only when there has been a suppression or concealment of facts by one of the parties amounting to a fraud, but also in case of ignorance and mistake by both parties, and where the fact, although previously known, had been forgotten. (1 Ves. 126; 12 Simons, 465; 1 Ves. Jr. 210; 11 Pet. 71; 22 Barb. 124.)

We are not asking the court to make a description. We are simply asking the court to complete the imperfect description appearing in the deed, so as to make it conform to the agreement and actual intention of the parties thereto.

This deed conveys by its terms "all the estate, right, title and interest" which the grantor had in lots 4 and 5, in block . . . in Montgomery county, Kansas. (34 Ill. 175; 63 Mo. 96–525; 40 Me. 398; 27 Pa. St. 172.)

If parties have taken possession of land, and occupied it for a long series of years under a deed containing an erroneous description, the mistake as against the grantor and his representatives will be corrected where the evidence clearly shows such mistake. (30 Ohio St. 255; 10 Kas. 541.)

Again, is this deed void for want of a description, as claimed by counsel for the plaintiffs in error? A deed is not void for uncertainty in the description of the premises, provided that description is capable of being made certain, and when the line is left uncertain, parol evidence is admissible to establish the line intended. (37 Tex. 578.) A court of equity will entertain a bill to correct a mistake or omission in a deed, although the complainant might have explained the omission, and fixed the locality of the land, by parol proof in an action at law. (7 Iowa, 110.)

Where blanks are left in making out a deed and the grantor gives verbal authority to fill the blanks, a court of equity has the power to reform the instrument and supply the blanks, so as to make the deed a perfect one. (49 Mo. 356; 63 id. 96; 53 Me. 89.)

A deed from a husband to his wife described the number of the lot and block correctly, but omitted the name of the town; held it might be corrected. (23 Iowa, 477.)

Were Wills living, he would be bound in conscience to correct this mistake, and this obligation will bind his heirs. (48 Mo. 367.)

The opinion of the court was delivered by

VALENTINE, J.: In this action, the plaintiff below, Sarah A. Wills, filed her petition in the district court, setting forth the following, among other facts: From September 15, 1872, up to December 14, 1878, the plaintiff and Thomas H. Wills, were husband and wife, at which latter date, Wills died intestate, leaving the plaintiff and the defendants, Urana E. Leonard, W. L. Wills and Enola J. Grass, children of the intestate, as his sole and only heirs. During the existence of the marriage relation between the plaintiff and said Thomas

H. Wills, and prior to March 14, 1874, the plaintiff furnished to her husband various sums of money which belonged to her in her own right, with a portion of which money he purchased lots number 4 and 5, in block number 16, in the city of Independence, in Montgomery county, Kansas, taking the deed therefor and the title thereto in his own name. After such purchase, the plaintiff and her husband took possession of the lots and occupied the same as their homestead, until his death, and the plaintiff still occupies the same as her homestead. On March 14, 1874, said Wills, in consideration of the foregoing facts, and of the expressed consideration of $2,000, attempted to convey to his said wife the legal title and all his right, title and interest in and to said lots, by executing and delivering to her a deed of general warranty, but failed to so convey said lots, by failing to insert in the deed of conveyance a complete and full description of the lots intended to be so conveyed. The description of the lots as inserted in the conveyance is as follows: "All that tract or parcel of land situated in the county of Montgomery and state of Kansas, and described as follows, to wit: Lots number four (4) and five (5) in block number . . . with the appurtenances, and all the estate, title and interest of the said party of the first part [Wills] therein."

The plaintiff also states in terms in her petition, "that, at the time of the execution and acknowledgment of said deed, said Wills did not know the number of the block in said city of Independence, in which said lots are situated, and then and there instructed the notary who took said acknowledgment, to ascertain and insert the number of said block in which said lots are situated, but that the said notary negligently and carelessly neglected and omitted to do the same, and still neglects and refuses to do the same." The plaintiff also states in her petition, that the defendants are now claiming to own an undivided one-half of said lots as the heirs of said Thomas H. Wills. The plaintiff prays in her petition that said description be reformed by inserting the *number* of the block and the *name* of the city in which said lots are

situated, so as to make the description a good and complete description of the lots intended to be conveyed by said deed, and that the defendants be barred and perpetually enjoined from ever setting up any title or claim to said lots, and for such other and further relief as may be equitable and proper in the case. The defendants demurred to the plaintiff's petition on the ground that it did not state facts sufficient to constitute a cause of action, etc. The court below overruled the demurrer, and then the defendants brought the case to this court for review.

We. suppose that the only question in the case is, whether the plaintiff is entitled to any relief under the circumstances of this case. That is, is she entitled, under the circumstances, and in any manner, to have her claim to said land adjudicated and declared to be superior and paramount to that of the defendants? Is she entitled to have her said deed of conveyance reformed as she desires? Or is she entitled to a specific performance of the original parol contract entered into between herself and husband in pursuance of which contract said deed was intended to be executed, and of which contract said deed contains nearly all the terms, and is nearly full and complete evidence? Or is she entitled to.quiet her title and possession to the property as against the defendants, and to have them perpetually enjoined from ever interfering with her title or possession? If she is entitled to any one of these remedies, we suppose the court below ruled correctly in overruling said demurrer. Is she entitled to any one of them? It would seem that she is not entitled to have her deed reformed; for the defect therein contained is not from *accident or mistake*, but from intention, with a full knowledge of all the facts. That is, the parties did not know, at the time said deed was executed, what the *number* of the block in which said lots are situated is, so they *intentionally* left said *number* blank, with the understanding that the blank should afterward be filled up by the notary public who took the acknowledgment of the grantor to the execution of the deed. As we understand, a deed can be reformed by a court of equity only where

the parties through *accident or mistake* have failed to embody in the deed the exact terms and conditions which, by their previous contract, should have been embodied in the deed.

We would think that the plaintiff would be entitled to a specific performance of her original contract with her husband. Originally, that contract was in parol; but when said deed was executed, all the principal terms of such contract were reduced to writing, by being embodied in said deed, and the instrument was duly signed by the party to be charged. And an instrument, void as a conveyance, is often considered sufficient, upon which to found an action for specific performance, or to grant other proper equitable relief. (*Knaggs v. Mastin,* 9 Kas. 548; *Butler v. Kaulback,* 8 Kas. 676, and authorities there cited; *Welsh v. Usher,* 2 Hill Ch., S. C., 168; *Robeson v. Hornbaker,* 2 Green Ch., N. J., 60, which is nearly exactly applicable to the case at bar; *Stewart v. Brand,* 23 Iowa, 477; and see authorities cited in *Miller v. Davis,* 10 Kas. 550, *et seq.*)

Besides, the plaintiff has been in the actual possession of the property in controversy, occupying the same as her homestead and claiming the same as her own ever since said deed was executed, over four years of which time she occupied the same with the consent of the said grantor, or, perhaps, rather the intended grantor.

But we do not think that it is absolutely necessary that the plaintiff should have an action for specific performance in order to sustain the ruling of the court below. She being in the actual possession of the property, and claiming title thereto, has the right to have her title quieted — provided she has a right to the title — under any rule or rules of law or equity. (Civil Code, § 594.) And that she has such right to the title to the property, we think is clear beyond all reasonable doubt. It was her money that purchased the property. It was agreed that the title should be conveyed to her. There was an attempt made to so convey the title, and the attempt failed, merely from a failure to state in the deed of conveyance the *number* of the block and the *name* of the city

in which such property is situated. She has been in the actual possession of the property for years, occupying the same as her homestead, claiming the same as her own, and a large portion of such time with the consent of the person in whom the legal title ( as contradistinguished from the equitable title) was vested. That she is entitled to the title to the property, see authorities above cited, especially the cases of *Robeson v. Hornbaker,* and *Stewart v. Brand,* and also cases cited by defendant in error.

If the judgment of the court below does not correspond in form with the opinions expressed by this court, it may be modified so that it will. In substance, however, the judgment of the court below will be affirmed.

All the Justices concurring.