GOODRICH v. BROWN ET AL.

1. **Homestead:** MORE LAND THAN LAW EXEMPTS: HOMESTEAD NOT
PLATTED: MORTGAGE OF SURPLUS BY HUSBAND ALONE NOT VALID.
Where a husband and wife are occupying as a homestead more land
than the law exempts as such, and the homestead has not been selected
and platted as required by law, a mortgage executed by the husband
alone on any part of the land so occupied is invalid; but a judgment
rendered upon the debt intended to be secured·may be enforced against
the excess of land so occupied, provided the officer holding the execution
first causes the homestead to be marked off as provided in section 1998
of the Code. *Helfenstein v. Cave,* 3 Iowa, 287, and 6 Id., 374, decided
under a different statute, distinguished.

| 63 | 247 |
| 78 | 673 |
| 63 | 247 |
| 104 | 800 |
| 63 | 247 |
| j110 | 452 |
| j110 | 456 |
| 63 | 247 |
| L114 | 150 |
| 63 | 247 |
| 117 | 39 |
| 63 | 247 |
| 123 | 212 |
| 63 | 247 |
| e133 | 292 |
| 63 | 247 |
| 135 | 442 |

*Appeal from Lee District Court.*

THURSDAY, APRIL 10.

ACTION on a promissory note and to foreclose a mortgage
given to secure the same. The court rendered judgment
upon the note, but refused to render a decree of foreclosure
of the mortgage. The plaintiff appeals.

*J. F. Smith,* for appellant.

*Craig, Collier & Craig,* for appellee.

ADAMS, J.—The mortgaged premises consist of lot 8 in
block 130 in the city of Keokuk. At the time of the execu-
tion of the mortgage, lot 8 and the east half of lot 7, adja-
cent thereto, were occupied by the mortgagor, the defendant,
Jeremiah Brown, and his wife, the defendant, Mary Brown,
as their homestead. The mortgage was executed by Jere-
miah Brown alone. Both he and his wife now resist the
foreclosure of the mortgage, setting up in their answer the
fact that the premises were occupied by them as their home-
stead. They rely upon section 1990 of the Code, which pro-
vides that "a conveyance or incumbrance by the owner is of
no validity, unless the husband and wife, if the owner is mar-
ried, concur in and sign the same joint instrument."

The plaintiff contends, however, that, while it is true that the husband alone cannot execute a valid mortgage upon the property constituting a homestead within the meaning of the statute as exempt from execution, yet he may change the boundaries of his homestead, and that the mortgagor in this case, having elected to execute a mortgage upon a part of the homestead premises, must be deemed to have elected to change the boundaries, and to confine the homestead to the part not mortgaged. But in our opinion this position cannot be sustained. We see nothing in the transaction, except the mere intent on the part of the mortgagor to charge lot 8 with the lien of the mortgage. If, indeed, the mortgage had been executed by both husband and wife, and its validity had been indisputable, we could not infer that they intended to waive their right to claim that the property was exempt, except as against the mortgage. *Evans v. St. Paul Harvester Works, ante*, p. 204.

The provision as to a change of boundaries upon which the plaintiff relies is found in section 2000 of the Code. That section provides that " the owner may from time to time change the limits of the homestead, by changing the metes and bounds, as well as the record of the plat and discription, or may change it entirely." The provision as to change of metes and bounds seems to have reference to a case where a homestead has been selected and set out from a larger tract, under the provisions of section 1998. Whether, even in such a case the husband could, without the concurrence of the wife, narrow the limits of the homestead by changing the plat thereof, with the mere intent to gain the right to make a valid mortgage on the part thrown out, without leaving the amount substantially which the law allows as exempt, is, to say the least, doubtful; but we need not determine such question, because we find no intent to change the limits of the homestead.

One other question is presented, and that is, as to whether the plaintiff was not entitled to a decree of foreclosure, in the

absence of any averment or proof that the one-half of lot 7 embraced in the homestead did not amount to one-half of an acre.

Section 1996 of the Code provides that, if the homestead is within a town, it must not exceed one-half acre in extent. Under this section, it is certain that the defendants cannot hold as against the plaintiff, or any other execution creditor, more than half an acre. The plaintiff has his judgment, which operates as a lien upon the premises, subject to the defendants' homestead rights, and, if the premises embrace more than half an acre, he has his speedy remedy. The officer holding an execution issued upon his judgment may, under section 1998, cause the homestead to be marked off, if the defendants fail to do it, and may levy upon and sell the balance. But, while this is true, it is equally true that he could not make a valid sale of any part of the premises occupied as a homestead until section 1998 had been complied with. *White v. Rowley*, 46 Iowa, 680. The logical result of the doctrine of that case appears to us to be such that we must say that the plaintiff was not entitled to a decree of foreclosure, and that, too, even though it were conceded that the premises occupied as a homestead embraced more than half an acre.

We assume that the homestead had not been platted under section 1998 of the Code, and the part mortgaged excluded from the homestead. If this were the fact, it could not properly be said that the whole premises were occupied as a homestead, and the witnesses expressly state that they were so occupied. If the homestead had been platted under the statute, then only the part platted could properly be said to be occupied as the homestead, and the other part would be occupied in connection with it, but as distinctly not the homestead. In the absence of such platting, the homestead right of the mortgagor and his wife extended to every part of the premises, in the sense that there was no part which they might not select. Whatever effect the mortgagor's acts ought to have

upon himself, if he alone were concerned, there was nothing which he could do to cut off or impair his wife's homestead rights in any part of the premises, without first selecting a homestead under section 1998. In the absence of a selection upon his part, the statute expressly gives her the right of selection; and the fair enjoyment of that right cannot be exercised, unless she is entitled to select solely with reference to the needs of the homestead. Take the case at bar for an illustration. The evidence shows that the buildings are all on lot 7, which was not mortgaged, but it does not show *where* on lot 7 they are. If the house stands near or upon the line between lots 7 and 8, a portion of lot 8 would be needed for air and sunlight, and might be needed for a walk or driveway, or improvements of some kind. It is certainly no hardship upon a person who desires to take a mortgage upon premises in which homestead rights exist, to require him to see to it that the mortgage is signed by both husband and wife.

The plaintiff cites and relies upon *Helfenstein v. Cave*, 3 Iowa, 287, which case is reported again in 6 Iowa, 374. That case was an action to quiet title acquired through an execution sale. The defendants set up that the property was their homestead, but did not aver and prove the facts necessary to show that the property was exempt as a homestead.

But we have to say that since that decision homestead rights have been enlarged. Under our present statute, and the construction put upon it in *White v. Rowley*, an execution sale like that in *Helfenstein v. Cave* is invalid. Where land is exempt as a homestead, but more land is occupied as a homestead than can be claimed as exempt, no part can be sold under execution in advance of a selection of the homestead, unless it may be in obedience to a decree. Every married woman has a right to rely upon this rule, and there is nothing which the husband alone can do which can give a right to a decree as against her, affecting her homestead rights. But where no decree can be rendered against the wife as affecting her homestead rights, none can be rendered against the hus-

band. · We think, therefore, that the court did not err in re-fusing a decree of foreclosure. ·

We granted a rehearing in this case, because we made a. mistake in regard to what was contained in the abstract. But we reach the same result, and the judgment below is

AFFIRMED.