HARVEY J. REILLY, BY HIS NEXT FRIEND HENRY B. REILLY, AND HENRY B. REILLY, Appellants, v. SARAH REILLY AND THOMAS REILLY.

**Homesteads:** CONVEYANCE: SIGNATURE OF WIFE. A contract to
1 convey the reversion in which the homestead right is expressly reserved is valid without the concurrence and signature of the wife, and in no way contravanes Code, Section 2974, providing that both husband and wife must join in the execution of the same joint instrument affecting the homestead.

**Joint contracts:** PERFORMANCE BY ONE PROMISOR. Where a joint
2 contract for the conveyance of land has been performed, although by only one of the promisors, the liability of the other party is complete.

*Appeal from Warren District Court.—* HON. J. H. APPLE-
GATE, Judge.

TUESDAY, FEBRUARY 5, 1907.

REHEARING DENIED, FRIDAY, SEPTEMBER 27, 1907.

THE opinion states the case. Judgment *reversed.*

*Allen & Lingenfelter,* for appellants.

*Boland & Halloran,* for appellees.

SHERWIN, J.— The appellants were brought from the East in 1888 and were then taken into the home of the defendants to be raised and cared for as their own children until they became of age. Henry was at the time four or five years of age, and Harvey was one year his junior. The agreement under which they were taken by the defendants was made with an agent of the benevolent institution from which they came. Harvey Reilly remained with the defendants until January, 1902, and Henry remained until December, 1903. At the time they became members of the family, the defendants were living on a farm containing one hundred and twenty acres of land, all of which they supposed they owned. In 1897 or 1898, they lost eighty acres of the one hundred and twenty, and soon thereafter the remaining forty acres was improved and the defendants have since that time occupied it as their homestead. In their petition the appellants allege that in 1894 or 1895, when they were about twelve years of age, the appellees voluntarily entered into a verbal contract with them, whereby they agreed that, if the plaintiffs would remain with them and work the farm, they should have it; the defendants reserving to themselves the right to use and occupy forty acres thereof during their lifetime. It is further alleged that, after the loss of the eighty acres, a further agreement was made by the terms of which the appellants were to remain with the defendants and work for them until a certain mortgage on the forty was paid off, and in return for such service they were to have the forty after the defendants " were through with it." The petition alleges performance on the part of the plaintiffs, and that the defendants now repudiate their contract, and threaten to make other disposition of the remaining interest in the land.

We are fully satisfied that a contract, substantially as alleged, was made by these parties, and that it was performed on the part of the appellants. It is contended by the appellees, however, that if such a contract were entered into it

is void and unenforceable because the forty acres of land

**1. HOMESTEADS:**
**conveyance:**
**signature**
**of wife.**

in controversy was and is now the homestead of the appellees, and that no oral agreement can be the basis of any interest therein or a right to a lien thereon. This forty acres was a part of the one hundred and twenty acres originally occupied by the defendants as their home, and no portion of the one hundred and twenty acres had been selected or platted as a homestead, as provided by section 2979 of the Code. And until the homestead was so selected the entire one hundred and twenty acres was subject thereto, and a verbal contract to convey it was void, so far as it involved the homestead. *White v. Rowley,* 46 Iowa, 680; *Goodrich v. Brown,* 63 Iowa, 247; Code, section 2974; *Barnett v. Mendenhall,* 42 Iowa, 296; *Clark v. Evarts,* 46 Iowa, 248; *Clay v. Richardson et al.,* 59 Iowa, 483; *Townsend v. Blanchard,* 117 Iowa, 36.

But the trouble with the appellees' position is that the contract under which the appellants claim was not a contract agreeing to convey the homestead of the defendants, but one expressly reserving to them, and to the survivor, its full use and enjoyment through life. The homestead right is purely statutory and for the benefit of the family, and it may be waived or abandoned. The right of occupancy as a homestead in no way affects the legal title to the land, and, when such right ceases, it descends to the issue of either husband or wife according to the rules of descent, unless otherwise directed by will. Code, section 2985; *Mahaffy v. Mahaffy,* 63 Iowa, 55. In the case last cited it is said: " The right of the wife to continue in possession and occupancy of the homestead, after the death of the husband, is not a right or interest in his estate which she takes by inheritance, but is entirely distinct from the interests which she takes by virtue of that right. It is a mere personal right to occupy and possess the premises, but is unaccompanied by any title or property interest therein." See, also, *Cotton v. Wood,*

25 Iowa, 43; *Stewart v. Brand,* 23 Iowa, 481.   The principle of the *Mahaffy* case was recognized and applied in *Harkness v. Burton,* 39 Iowa, 101, and in *Railroad Company v. Swinney,* 38 Iowa, 182; *Railway Company v. McWilliams,* 71 Iowa, 164.   In the two latter cases, right of way over the homestead was conveyed without the concurrence and execution of the deed by the wife, and it was held that, when such conveyance will not defeat the substantial enjoyment of the homestead as such, the signature and concurrence of the wife is not necessary under the statute.   In *Harkness v. Burton,* the husband gave a mining license on land occupied as a homestead, and it was held that, unless the license impaired the homestead right, it was valid without the assent of the wife.

The logic of our own cases points to a broader rule than it is necessary to establish in the instant case, for here there was an express reservation of the homestead estate, so there can be no question that an enforcement of the contract will in no manner impair such estate.   Following the rule of these cases, we think the contract must be held valid.   Such is the direct holding in Wisconsin, *Ferguson v. Mason,* 60 Wis. 377 (19 N. W. 420), which was approved in *Town v. Gensch et al.,* 101 Wis. 445 (76 N. W. 1096, 77 N. W. 893) and in North Carolina, *Jenkins v. Bobbitt,* 77 N. C. 385. The principle has been recognized in New Hampshire.   *Atkinson v. Atkinson,* 37 N. H. 434.     See also, *Smith v. Provin,* 4 Allen, 516; *Doyle v. Coburn,* 6 Allen, 71; *Silloway v. Brown,* 12 Allen, 32; 15 Am. and Eng. Enc. of Law, 676.   In *Albright v. Hannah,* 103 Iowa, 98, the rule was referred to, but, as it was not necessary, no definite pronouncement was made thereon.

The holding therein in no way involves the question of the wife's statutory interest in the deceased husband's estate, and we need give it no further attention.   We hold, simply, that a contract to convey the reversion where the homestead estate is expressly reserved is valid without the con-

currence and signature of the wife, and in no way contravenes section 2974 of the Code.

As we have already said, we think the plaintiffs performed the contract substantially as agreed. There is no question as to Henry, and as to Harvey it is conclusively shown that he remained with the defendants

**2. JOINT CONTRACTS: performance by one promisor.** until he was driven away by them. This seems to be immaterial, however, for the petition pleads a joint contract, and the proof sustains it. If a joint contract is performed by either of the promisors, the liability of the other party is complete.

. The appellants are entitled to a conveyance of the forty acres in controversy, subject to the homestead rights of the defendants, who are without issue and have no family other than themselves. The judgment is therefore reversed, and the case remanded for a decree in accordance herewith.— *Reversed.*