KATHERINE E. HOCKING v. SAMUEL J. GUELLO AND ANOTHER.

193 N. W. 2d 634.

January 7, 1972—No. 42669.

*John P. Weber,* for appellants.
*Spellacy & Lano* and *John A. Spellacy,* for respondent.

Heard before Knutson, C. J., and Murphy, Otis, Rogosheske, and Hachey, JJ.

PER CURIAM.

This is an action brought by a legatee against the grantees in a deed to set aside a conveyance from the decedent. The trial court held that because the property was the grantor's homestead and her husband was incompetent to join in the conveyance, it was void. We affirm.

At the time the deed was executed on May 3, 1968, the real estate in question, located in Itasca County, was owned jointly by C. W. French and his wife, Mamie French, as their homestead. A deed to the property was prepared by defendant Samuel J. Guello naming himself and his wife as grantees and reciting a consideration of $1. It is undisputed that when the deed was executed Mr. French was incompetent and his wife guided his hand in attaching his signature to the instrument.[1]

The deed contained the following recitation:

"Parties of the first part shall retain possession of the above described tracts of land for the remainder of their natural lives."

Defendants assert that the retention of a life estate in the grantors preserves the validity of the deed, citing Ferguson v. Mason, 60 Wis. 377, 19 N. W. 420 (1884); and Reilly v. Reilly, 135 Iowa 440, 110 N. W. 445 (1907).

Minn. St. 507.02 provides in part:

"If the owner be married, no mortgage of the homestead, except for purchase money unpaid thereon, nor any sale or other alienation thereof shall be valid without the signatures of both husband and wife."

Whatever may be the rule in Wisconsin and Iowa, our statute and cases construing it make it clear that any alienation of the homestead without both husband and wife joining is void. Marr v. Bradley, 239 Minn. 503, 59 N. W. 2d 331 (1953). Nor do the facts give rise to the application of the doctrine of estoppel which governed our decision in Seitz v. Sitze, 215 Minn. 452, 10 N. W. 2d 426 (1943). The judgment of the trial court is accordingly affirmed.

Affirmed.

---

[1] Although the administrator of the nursing home where Mr. French was confined testified that he didn't think Mr. French knew what he was signing, the administrator nevertheless took his acknowledgment and certified that Mr. French executed the instrument as his free act and deed. We cannot too strongly condemn this violation of Minn. St. 609.65 (2).