**Arnold SCHULTZ, Appellant,**

v.

**Cecil STIERNAGLE, Respondent.**

**No. 47897.**

Supreme Court of Minnesota.

July 14, 1978.

Blethen, Gage, Krause, Blethen, Corcoran, Berkland & Peterson, Mankato, for appellant.

Robert E. Schmidt, Waseca, for respondent.

Heard by SHERAN, C. J., and YETKA and SCOTT, JJ., and considered and decided by the court en banc.

SHERAN, Chief Justice.

Appeal from a judgment of the district court entered pursuant to an order granting defendant's motion for summary judgment.

The question for decision is whether a party who enters into a contract for the purchase of real estate has a cause of action for specific performance or damages against the owner who agrees to sell but instead sells the land to a third person, in a situation where the land to be conveyed includes 80 acres of rural, homesteaded land and the contract to sell was never executed by the owner's spouse.

The trial court held that the contract was void insofar as it affected the homesteaded land; that the balance of the contract was not severable so as to permit partial performance; and that no facts had been pleaded or presented which would support a cause of action for recoverable damages from the owner. We affirm.

Prior to February 21, 1974, defendant, Cecil Stiernagle, was the owner of 400 acres of farmland located in Waseca County. He had acquired 160 acres in 1965, and in 1973 he acquired 240 adjoining acres, which were separated from the original tract by a road. Stiernagle lived with his wife on the 160-acre tract, and 80 acres of it was assessed and taxed as homestead realty during the time now material. A fertilizer plant owned by Stiernagle was also located on this parcel.

On February 21, 1974, plaintiff, Arnold Schultz, a farmer who lived in the area, and Stiernagle agreed orally that Schultz would buy 390 of Stiernagle's 400 acres on a contract for deed. A 5-acre tract on which Stiernagle's home was located and a 5-acre tract containing the fertilizer plant were not to be conveyed. The agreement was reduced to writing in the office of Uggen Realty Company at Wells, Minnesota. A contract to sell was executed by Schultz and Stiernagle. Stiernagle's wife was not present during the negotiations and did not execute the contract. Immediately preceding the execution of the agreement, a controversy arose between Stiernagle and the realtor with respect to the realtor's claim of entitlement to a commission. There was a discussion about securing the signature of Stiernagle's wife, and Stiernagle agreed that she would come into the Uggen office the next day and sign the contract; however, the contract was never signed by his wife. The following day, Stiernagle sold the 390 acres to a third person by an instru-

ment in writing executed by both Stiernagle and his wife. It can be assumed for the purpose of this decision that Steirnagle's wife would have executed the contract conveying this realty to Schultz had she been requested to do so by her husband.

A contract to sell a homestead not executed by both husband and wife is void. *Marr v. Bradley*, 239 Minn. 503, 59 N.W.2d 331 (1953); *Weitzner v. Thingstad*, 55 Minn. 244, 56 N.W. 817 (1893). We cannot accept Schultz' contention that the facts in this case would have justified a finding that the homestead was limited to the 5-acre tract on which the dwelling house was located and which was excepted from the contract to sell. Contracts to sell the homestead are made void as a protection to the nonconsenting spouse; in this case, there is no claim that Stiernagle's wife had agreed to limit or waive her homestead rights at the time the contract upon which the suit is based was executed. The fact that she later signed a contract to sell the 390-acre tract is immaterial. The validity of the contract in question must be determined by the conditions which existed at the time of its execution.

The trial court considered the possibility that the contract to sell could be enforced partially and rejected it. We agree. Whether a contract is entire or severable turns on the intent of the parties, as objectively manifested by them. To us it is clear, as a matter of law, that the contract involved here was entire. There is nothing to indicate that either Schultz or Stiernagle contemplated the sale of only a part of the tract, and at oral argument Schultz conceded that he would not have been interested in purchasing 310 acres of nonhomestead realty subject to the dower rights of Stiernagle's wife.[1]

It is conceivable, in some situations at least, that one who signs a contract to convey real estate which includes the homestead obligates himself by virtue of that fact to take affirmative action to secure the

signature of his spouse to the instrument of conveyance. But in this case there were no allegations or assertions of fraud on the part of Stiernagle in the transaction. So far as appears from the record, the land was sold to a third person for the same price as that which had been agreed upon in the contract with Schultz. Stiernagle did not profit by his failure or inability to secure his wife's signature on the contract with Schultz. No attempt was made in the trial court or in this court to delineate a legal theory which would support an award of more than nominal damages because of Stiernagle's failure to secure his wife's signature on the contract, and the case was apparently not pleaded with that concept in mind. Under these circumstances, we conclude that the determination of the trial court should be affirmed.

Affirmed.

1. Minn.St. 507.02, provides in part: " * * * The husband, by his separate deed, may convey any real estate owned by him, except the homestead, subject to the rights of his wife therein * * *."