FIRST FIDUCIARY CORPORATION, Personal Representative of the Estate of Olive G. Blanco, Appellant,

v.

Manuel F. BLANCO, Jr., et al., Defendants,

John D. Wood, Jr., et al., Respondents.

FIRST FIDUCIARY CORPORATION, personal representative of the Estate of Olive G. Blanco, Plaintiff,

v.

Manuel F. BLANCO, Jr., and Monica A. Blanco, Defendants-Appellants,

and

John D. Wood, Jr., and Dana F. Wood, Defendants-Respondents.

Nos. 48980 and 49131.

Supreme Court of Minnesota.

Jan. 26, 1979.

Van Valkenburg, Comaford, Moss, Fassett, Flaherty & Clarkson and Wayne A. Hergott and J. Michael Hirsch, Minneapolis, for 1st Fiduciary et al.

Stock & Rosholt and John Rosholt, Minneapolis, for Manuel Blanco et al.

MacIntosh & Commers and Steven J. Daffer, Minneapolis, for John D. Wood et al.

Heard by SHERAN, C. J., and ROGOSHESKE and PETERSON, JJ., and considered and decided by the court en banc.

SHERAN, Chief Justice.

These matters are before the court on appeals from the judgment of the Hennepin County District Court granting defendant-respondents Wood summary judgment; awarding them costs, disbursements, and attorneys' fees on their cross claim against defendant-appellants Blanco; and denying plaintiff's motion to amend its complaint to add the Woods' mortgagee as a party defendant. We affirm in part and reverse in part.

On July 30, 1968, Manuel Blanco, Sr. and his wife, Olive Blanco, transferred their jointly-owned homestead to their son, Manuel Blanco, Jr., and his wife, Monica Blanco, by Warranty Deed Except Easements.

On July 29, 1971, the junior Blancos transferred the property to John and Dana Wood. The Woods paid the junior Blancos $32,900 for the property, and received the Warranty Deed Except Easements that had been executed by the senior Blancos. This Warranty Deed was filed with the Register of Deeds for the first time on August 4, 1971. The Woods, who were not represented by legal counsel at the closing, were not aware that the junior Blancos were not the registered owners of the property.

Manuel Blanco, Sr. died testate on July 20, 1969. In July, 1976, Elizabeth Behrends, the daughter of the senior Blancos, was appointed special guardian in the estate of Olive G. Blanco, an incompetent ward. As guardian, Behrends commenced this action against the junior Blancos and the Woods in August, 1976, to recover the homestead property. In April, 1978, after the death of Olive Blanco, First Fiduciary Corporation was substituted for Elizabeth Behrends as party plaintiff.

Plaintiff alleges that Olive Blanco was incompetent at the time of the transfer, that the junior Blancos gave little or no consideration for the property, and that they unduly influenced the senior Blancos to execute the deed, rendering the transfer void. The Woods had no knowledge of the circumstances surrounding the transfer of the property by the senior Blancos to the junior Blancos; nor did they have any knowledge of Olive Blanco's alleged lack of capacity at the time of the transfer.

The junior Blancos filed an answer on September 1, 1976, which failed to include any defense of the Woods. The Woods therefore filed an answer on their own behalf, and included a cross claim against the junior Blancos, based on the covenants in the warranty deed, for their attorneys' fees, costs, and damages sustained by the Woods in the action commenced by Behrends. The junior Blancos filed no answer to the Woods' cross claim. They also failed to comply with discovery procedures and with a subsequent court order. Their answer was stricken and default judgment was entered against them in March, 1977. The answer was later reinstated, however, and the default judgment was vacated.

In early 1978, the district court granted summary judgment to the Woods; plaintiff's cause of action to set aside the deed was dismissed, and the Woods recovered $4,036.55 in costs, disbursements and attorneys' fees on their cross claim. In deciding the motion for summary judgment, the court considered all of the affidavits on file but did not consider allegations in the pleadings unsupported by affidavit. Be-

cause plaintiff submitted no affidavits, the allegations of incapacity, undue influence, fraud, and inadequate consideration were not considered by the court, even though they were not disputed by the Woods' evidence in support of their motion. In the same order, the district court denied plaintiff's motion to add the Woods' mortgagee as a party defendant, noting that the motion had been rendered moot by the summary dismissal of the claim against the Woods. The court did not decide any claims between plaintiff and the junior Blancos.

Plaintiff appeals from the dismissal of the Woods from the proceeding, and from the denial of its motion to add the Woods' mortgagee as a party defendant. The junior Blancos appeal from the judgment awarding the Woods costs, disbursements, and attorneys' fees.

Three issues are presented by this appeal. The first question to be resolved by this court is whether or not the district court erred as a matter of law in granting the Woods' motion for summary judgment without considering facts alleged by plaintiff that were not refuted by the Woods' factual presentation.

Rule 56.03 of the Minnesota Rules of Civil Procedure provides:

" * * * Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law."

Rule 56.05 provides:

" * * * When a motion for summary judgment is made and supported as provided in Rule 56, an adverse party may not rest upon the mere averments or denials of his pleading but must present specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

In clarifying the meaning of Rule 56, this court stated in *Ahlm v. Rooney,* 274 Minn.

259, 263, 143 N.W.2d 65, 68 (1966), that the nonmoving party—

> " * * * must present specific facts showing a genuine issue for trial *unless, of course, the facts asserted by the moving party fail to adequately negate any issue of fact raised by the pleading.*" (Emphasis added.)

In the present matter, the plaintiff's allegations of incapacity, undue influence, fraud, and inadequate consideration were not negated in the Woods' answer or affidavits, or in the affidavits of the junior Blancos. Thus, according to *Ahlm,* the district court should have considered these allegations, if the issues they raised were material. Allegations of incapacity, undue influence, fraud, and inadequate consideration, however, were not material to the matter before the district court. Even if plaintiff could prove its allegations, these facts would not affect the validity of the deed because the transfer of legal title to a bona fide purchaser for value with no notice cuts off equities. *McClintock on Equity* § 27 (1948); see, generally, 1 *Powell on Real Property* §§ 126–127; see, e. g., *Cogel v. Raph,* 24 Minn. 194 (1877).

■ Minn.St. 507.02 specifies that no alienation of the homestead of a married person is valid without the signatures of both husband and wife. See, e. g., *Schultz v. Stiernagle,* 270 N.W.2d 269 (Minn.1978). Where a deed to a homestead is not executed by one of the spouses, the transfer is wholly void, not merely voidable, regardless of the equities of the matter. See, e. g., *Weitzner v. Thingstad,* 55 Minn. 244, 256 N.W. 817 (1893). In the instant matter, however, the warranty deed transferring the homestead from the senior Blancos to their son and his wife was actually executed by both Manuel Blanco, Sr. and Olive Blanco.

■ The present case is distinguishable from *Hocking v. Guello,* 292 Minn. 437, 193 N.W.2d 634 (1972). In *Hocking* the wife had guided the hand of her incompetent husband in attaching his signature to a deed of their homestead. Thus, the husband had not executed the deed as required

by Minn.St. 507.02, causing the conveyance to be void. In contrast to *Hocking,* there is no contention in the instant matter that Olive Blanco did not execute the deed. Rather, it is only alleged that her mental incompetency rendered her unable to understand the significance of her act. See, e. g., *Thorpe v. Hanscom,* 64 Minn. 201, 66 N.W. 1 (1896). Where the deed has been properly executed in conformance with the statute, the risk that one of the grantors was incompetent or unduly influenced at the time of the transfer should not be borne by a subsequent bona fide purchaser.

■ Plaintiff argues that there is a genuine issue of fact concerning the Woods' status as bona fide purchasers for value. Judging from the whole record here on appeal, however, there is no indication that the Woods had either actual or constructive notice of any inconsistent outstanding rights of others in the property. In particular, the junior Blancos' delay in recording the warranty deed is not such as would put a reasonable person on notice of inquiry.

In summary, there can be no doubt that the Woods are entitled to summary judgment on this record. They gave ample consideration, relying on a warranty deed valid on its face, and should not now be threatened with loss of their homestead by becoming entangled in the Blanco family argument.

■ The second issue raised by this appeal is whether the Woods are entitled to reimbursement from the junior Blancos of costs, disbursements, and attorneys' fees incurred by the Woods in the successful defense of their title, as awarded by the district court. Although, under the circumstances, it was reasonable for the Woods to undertake their own defense, they are not entitled to such reimbursement under the warranty deed unless there has been a breach of one of the covenants in the deed. Because the Woods were successful in defending their title, there has been no breach. See Annot., 105 A.L.R. 729 (1936); 7 *Thompson on Real Property* § 3204 (1962 Replacement); 4 *Tiffany on Real Property*

§§ 1013, 1020; see, e. g., *Eggers v. Mitchem,* 240 Iowa 1199, 38 N.W.2d 591 (1949); see also *Allis v. Nininger,* 25 Minn. 525 (1879).

The Woods may nevertheless be entitled to recover reimbursement, including attorneys' fees incurred in this appeal, despite the general rule prohibiting such recovery under a warranty deed in the absence of a breach. As we stated in *Dworsky v. Vermes Credit Jewelry, Inc.,* 244 Minn. 62, 70, 69 N.W.2d 118, 124 (1955)—

" * * * where the wrongful act of the defendant thrusts the plaintiff into litigation with a third person, the plaintiff may recover from the defendant the expenses incurred in conducting the litigation against the third party, including attorneys' fees."

See also *Hill v. Okay Construction Co., Inc.,* Minn. 252 N.W.2d 107 (1977); *Bergquist v. Kreidler,* 158 Minn. 127, 196 N.W. 964 (1924).

In the instant matter, however, because the principal action between the senior and junior Blancos has not been concluded, the junior Blancos cannot yet be held to have wrongfully thrust the Woods into litigation. In the event that the junior Blancos present a successful defense in the principal action, the Woods will not be entitled to attorneys' fees. Thus, the award of costs, disbursements and attorneys' fees to the Woods by the district court was premature. In the event reimbursement is later awarded, the junior Blancos are entitled to a hearing on the reasonableness of attorneys' fees.

■ The third issue raised by this appeal is whether the district court erred in denying plaintiff's motion to amend its complaint to add the Woods' mortgagee as a party defendant. We hold that the district court was correct in its determination that the dismissal of the Woods from the action rendered the motion moot.

Affirmed in part and reversed in part.

OTIS, J., took no part in the consideration or decision of this case.